[No. 10,736—In Bank.]
Aug. 21, 1882.

## THE PEOPLE *v.* DOONEY HARRIS.

PEREMPTORY CHALLENGES—CHARGE OF SECOND OFFENSE—ROBBERY—PENALTY.—Upon prosecution for robbery, where the information charges, that the defendant had been previously convicted of a similar crime, the offense charged is punishable under Section 667, Penal Code, by imprisonment for life in the State Prison, and the defendant is therefore entitled to twenty peremptory challenges.

APPEAL from a judgment of conviction, and an order denying a new trial in the Superior Court of the City and County of San Francisco. FREELON, J.

*Charles H. Wolff,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

The COURT:

The only question necessary for us to decide in this case relates to the number of peremptory challenges to which the defendant was entitled in the Court below. The prosecution was for robbery, and the information charged that the defendant had been previously convicted of a similar crime, as well as of the crimes of burglary and petit larceny. On the trial the defendant claimed that he was entitled under the Code

to twenty peremptory challenges, but the Court held that he was entitled to only ten, and limited him to that number. In this ruling we think there was error.

Section 667 of the Penal Code is as follows:

"Every person who, having been convicted of petit larceny, or an attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the State Prison, commits any crime after such conviction, is punishable as follows:

"1. If the subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the State Prison for life, at the discretion of the Court, such person is punishable by imprisonment in such prison for life."

The *subsequent offense, robbery,* is punishable by imprisonment for life in the State Prison, at the discretion of the Court, under Section 213 of the Penal Code, and, therefore, the defendant was entitled to twenty peremptory challenges, as it was the duty of the Court, under the statute, on a conviction in this case, to imprison the defendant for life in the State Prison. (Penal Code, § 1,070.)

Judgment and order reversed, and cause remanded for a new trial.