THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* CALZADA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Rape.

No. 737.—Decided May 6, 1915.

JURY—CHALLENGES—DEATH PENALTY—LIFE IMPRISONMENT.—While it is true that section 223 of the Code of Criminal Procedure allows persons charged with crimes punishable by death or life imprisonment fifteen peremptory challenges, that right exists only when the penalty for the crime is fixed at death or life imprisonment.

ID.—RAPE—CHALLENGES.—When, as in the case of rape, the law has not fixed the penalty for the crime at death or life imprisonment, but this latter penalty may be imposed by the court, according to section 33 of the Penal Code, for the reason that the minimum penalty is imprisonment for five years in the penitentiary and no maximum penalty is fixed, the provision of section 223 of the Code of Criminal Procedure allowing the defense fifteen challenges is not applicable.

ID.—ID.—EVIDENCE—CERTIFICATE OF BIRTH—VERDICT OF JURY.—When the court, with the consent of the parties, submits a certificate of birth to the jury for it to decide as a question of fact whether the said certificate referred to the victim in a case of rape and the jury finds the defendant guilty of the crime charged, there is no doubt that that question was decided against the accused.

RAPE—EVIDENCE—SCREAMS OF VICTIM.—The mere fact that a girl screams while the defendant is deflowering her is not sufficient to prove that he used greater force or violence in doing so than is natural to coition between a man and a young girl.

ID.—EVIDENCE—INSTRUCTIONS TO JURY—AGE OF VICTIM.—In the present case the court gave the following instruction to the jury: "But the court instructs you that the principal statement of Dr. Veve tends to show that the victim is about thirteen years of age." *Held:* That although that instruction was not exact inasmuch as it could not be sustained by the language used by Dr. Veve in his testimony, the defendant was not prejudiced thereby,

because if the jury considered that the certificate of birth introduced in evidence referred to the victim, it might well have disregarded the testimony of Dr. Veve and arrived at the conclusion that the girl was under fourteen years of age, finding therefore a verdict of guilty.

ID.—PENETRATION.—Upon an examination of the evidence in this case it was held that the jury was justified in concluding that penetration had been proven.

NEW TRIAL—INFORMATION.—When the information contains different counts as to the ways in which the crime was committed, the failure to prove one of them is no reason for granting a new trial.

The facts are stated in the opinion.

*Mr. Salvador Mestre, fiscal,* for The People.

*Mr. Juan B. Huyke* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, José Calzada, was convicted by a jury of the crime of rape and sentenced by the District Court of Humacao to five years in the penitentiary at hard labor.

From that judgment and from a ruling of the court overruling his motion for a new trial the defendant took the present appeals.

As the first ground for reversal of the judgment, the appellant alleges that the court erred in not allowing him fifteen peremptory challenges to the jury and in granting him only six, because as the crime of rape may be punished by life imprisonment, he had a right to the fifteen challenges provided for by section 223 of the Code of Criminal Procedure in trials for crimes punishable by death or life imprisonment.

It is true that the section cited allows defendants charged with crimes punishable by death or life imprisonment fifteen peremptory challenges, but that right exists only when the penalty fixed for the crime is death or life imprisonment. This provision is not applicable when, as in the present case, the law has not fixed the penalty for the crime at death or life imprisonment, although this latter penalty may be imposed for the reason that as the minimum penalty is imprisonment for five years in the penitentiary and no maximum

penalty is fixed, pursuant to section 33 of the Penal Code the court may impose the penalty of life imprisonment.

The case of *People* v. *Harris,* 61 Cal., 136, which the appellant cites in support of his argument, is not applicable to the case at bar, for although it was there held that the defendant had the right claimed by this appellant, it was because the crime with which Harris was charged, a second conviction for robbery, was expressly penalized by life imprisonment.

The other ground alleged by the appellant is that the court commited grave error in finding that the age of the girl was proven by the certificate presented by the *fiscal* for that purpose, because it was not the certificate of birth of the victim, Juana Olivo.

The information charges that the appellant committed the crime of rape on October 20, 1913, by having carnal knowledge of the girl Juana Olivo, of eleven years of age, and when the *fiscal* undertook to prove at the trial the age of the victim argument arose between the prosecution and the defense as to whether the certificate of birth offered in evidence by the *fiscal* was that of the victim. This argument originated from the fact that the said certificate referred to a girl called Juana Olivo Cirilo, while the information gave the name of the victim as Juana Olivo only; because her father testified that the victim was the offspring of his marriage with Martina Sánchez, and because the certificate begins as follows: "No. 248. Olivo y Cirilo, Juana. H. L. Pardo. Duplicate (*gemela*) of the foregoing record of birth." However, the court, with the consent of the parties, submitted the question as one of fact to the jury for them to decide whether the said certificate referred to the victim, and as the jury found the appellant guilty of the crime of rape, there is no doubt that they decided that question against him. The defense being also of this opinion, it now contends that error was committed, but we consider that the jury was justified in its conclusion.

As a matter of fact, Epifanio Olivo testified that the victim is the only daughter of his marriage with Martina Sánchez; that he is the son of Isidro Olivo and Ramona Ortiz, who are the same persons whose names appear in the record of birth as paternal grandparents; that the mother of the girl is called Martina Sánchez Rosa, also the same name which appears in the record of birth with the exception that the surname "Cirilo" is given instead of "Sanchez," and that it was he who made the declaration of birth in the court, which also appears from the document.

All of this evidence should have led, and actually did lead, the jury to the conclusion that notwithstanding the difference between the surnames "Cirilo" and "Sánchez," referring to the first surname of the mother, the certificate of birth which was introduced was that of the victim, Juana Olivo, the only daughter of Epifanio Olivo, and that the fact that the certificate begins by stating that it is a duplicate (*gemela*) of the foregoing record of birth does not show that it refers to a girl who had a twin sister, not only because no such inference can be drawn from those words, but also because in the declaration of Epifanio Olivo made of the birth of his daughter there is nothing to convey the remotest idea that the girl had a twin sister.

According to the said certificate of birth of Juana Olivo, she was born on November 29, 1902, and therefore was not eleven years of age when on October 20, 1913, the appellant had carnal knowledge of her, hence she being under fourteen years of age the jury was justified, in accordance with the evidence, in finding the appellant guilty of the crime of rape. Although the information also charged that the carnal act was committed by means of force and violence, we agree with the defense that there was not sufficient evidence on that point, for the fact that the girl screamed while the appellant was deflowering her is not sufficient to prove that he used greater force or violence in doing so than is natural to coition between a man and a young girl.

The appellant also contends that the court committed error in instructing the jury regarding the testimony of a witness for the defense relative to the age of the victim and that without that instruction the jury could not have found a verdict of guilty.

From the statement of the evidence approved by the court we reproduce the pertinent part of the testimony of Dr. Miguel Veve, a witness for the defense, relative to the age of the victim; "He believes that the girl can be no more than thirteen years of age; * * * that the girl may be twelve or thirteen years old; * * * that here where rachitis is so common a person of eighteen years of age could present the same appearance as the girl on account of sickness or malnutrition."

When the judge charged the jury respecting the probatory value of the certificate of birth to the effect that they should decide whether or not the certificate introduced in evidence referred to the victim and that when there was no primary evidence of age it could be established by secondary evidence, he said that it had been shown by the testimony of a witness for the defense that the victim was under age, being at most thirteen years old, and after an interruption by counsel for the defendant who said that "what Dr. Veve said was that she might be fifteen or sixteen years of age," the judge continued as follows: "But the court instructs you that the principal statement of Dr. Veve tends to show that the victim is about thirteen years of age."

Notwithstanding the fact that that instruction was not exact, inasmuch as the court could not state positively, in view of the language used by Dr. Veve in his testimony, that it was shown thereby that the victim could not be more than thirteen years of age, nevertheless, as the attorney interrupted and called attention to the other part of the testimony, and principally because later the court modified its previous instruction and stated that the said testimony tended

to show the age, we do not believe that the appellant was injured thereby.

As to the allegation that without said instruction the jury could not have found a verdict of guilty, we will say that if the jury considered that the certificate of birth which was introduced in evidence referred to the victim, they might well have disregarded the testimony of Dr. Veve and arrived at the conclusion that the girl was under fourteen years of age, finding, therefore, a verdict of guilty.

The first ground alleged in the motion for a new trial which the trial court overruled refers to the certificate of birth and has already been disposed of by us at the outset.

The second ground is that the evidence as to penetration was erroneously weighed by the jury. We shall not transcribe here the words of the victim on this point. It will suffice to say that, in our opinion, the jury was justified in concluding that it had been proven.

As to the third ground, we will say that as the information contained two counts as to the ways in which the crime was committed, the failure to prove one of them is no reason for granting a new trial.

The matter of the instruction given by the court to the jury regarding the testimony of Dr. Veve has been discussed already.

Having disposed of the grounds on which they are based, the appeals must be dismissed, the ruling of the court refusing to grant a new trial sustained and the judgment

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.