El Pueblo, Demandante y Apelado, *v.* Calzada, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en causa por violación.

No. 737.—Resuelto en mayo 6, 1915.

Jurado—Recusaciones al Jurado—Recusaciones Perentorias—Delitos Penables con Muerte o Prisión Perpetua.—Si bien es cierto que el artículo 223 del Código de Enjuiciamiento Criminal concede a los acusados de delitos penables con muerte o prisión perpetua el derecho de recusar perentoriamente quince jurados, ese derecho sólo existe cuando la pena señalada para el delito es la de muerte o prisión perpetua.

Violación—Recusaciones al Jurado—Pena.—Cuando la ley no ha fijado como pena del delito la de muerte o prisión perpetua como en casos de violación, por más que esta última pena puede ser impuesta en esa clase de delito, porque siendo la de cinco años de presidio como mínimum, sin tener señalado el límite máximo, puede el juez, de acuerdo con el artículo 33 del Código

Penal, imponer la de presidio perpetuo, no es aplicable la disposición comprendida en el artículo 223 del Código de Enjuiciamiento Criminal que concede quince recusaciones a la defensa.

Id.—Acta de Nacimiento—Cuestión de Hecho—Veredicto del Jurado.—Un acta de nacimiento sometida como cuestión de hecho por el juez al jurado, con el consentimiento de las partes, para determinar si correspondía o nó a la perjudicada en un caso por violación, se entiende que al declarar culpable al acusado del delito imputádole, resolvió esa cuestión en contra suya.

Id.—Gritos de la Ofendida.—El mero hecho de que una niña grite mientras es violada no es prueba bastante para sostener que se ejerció en ella otra fuerza o violencia que la inherente al coito de un hombre con una niña.

Id.—Instrucciones al Jurado—Edad de la Ofendida.—En este caso el juez dió al jurado la siguiente instrucción: ''Pero la corte os instruye que la declaración principal del Dr. Veve trata de demostrar que esta perjudicada tendría como trece años.'' Y se resolvió: Que si bien esa instrucción no era exacta porque, dados los términos de la declaración del Dr. Veve, no podría sostenerse, ella no causó perjuicio al acusado, porque habiéndose presentado, además, como prueba el acta de nacimiento de la perjudicada, si el jurado estimó que se refería a ella, bien podía, prescindiendo de la declaración del Dr. Veve, llegar a la conclusión de que la niña tenía menos de catorce años, y, por tanto, al veredicto de culpabilidad.

Id.—Hecho de la Penetración.—Examinada la prueba en este caso, se decidió que el jurado estuvo justificado al estimar que se había probado el hecho de la penetración.

Nuevo Juicio—Acusación—Duplicidad—Cargos Distintos.—Cuando la acusación contiene distintos cargos o maneras de cómo el delito se realizó, el dejar de probar uno de ellos no es motivo para conceder un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del Pueblo: Sr. Salvador Mestre, Fiscal.

Abogado del apelante: Sr. Juan B. Huyke.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante José Calzada fué convicto por un jurado del delito de violación y sentenciado por el Tribunal de Distrito de Humacao a cinco años de presidio con trabajos forzados.

Contra esa sentencia y contra la resolución denegatoria del nuevo juicio que pidió, interpuso el acusado el presente recurso de apelación.

El primer motivo que alega para que revoquemos la sentencia es que el tribunal cometió error al negarle que recusara perentoriamente quince jurados, concediéndole ese derecho solamente en cuanto a seis, porque pudiendo ser castigado el delito de violación con reclusión perpetua tenía dere

cho a las quince recusaciones que concede el artículo 223 del
Código de Enjuiciamiento en juicios por delitos penables con
muerte o prisión perpetua.

Es cierto que el artículo que se cita concede a los acusa-
dos de delitos penables con muerte o prisión perpetua el dere-
cho de recusar perentoriamente a quince jurados, pero ese
derecho sólo existe cuando la pena señalada para el delito
es la de muerte o prisión perpetua. Esta disposición no
es aplicable cuando, como en el caso presente, la ley no ha
fijado como pena del delito la de muerte o prisión perpetua
por más que esta última pena puede ser impuesta porque
siendo su pena la de cinco años de presidio como mínimum,
sin tener señalado el límite máximo, puede el juez, de acuerdo
con el artículo 33 del Código Penal imponer la de presidio
perpetuo.

El caso de *People* v. *Harris,* 61 Cal., 136, que el apelante
cita en apoyo de su argumento no tiene aplicación en el pre-
sente caso porque si en él se declaró que el acusado tenía
el derecho que reclama el apelante fué porque el delito de
que se acusó a Harris estaba penado expresamente con reclu-
sión perpetua, por tratarse de una segunda convicción por
robo.

El otro motivo que el apelante alega es que se ha come-
tido un grave error al considerar probada la edad de la niña
con la certificación que con ese fin presentó el Fiscal porque
no es la de la perjudicada Juana Olivo.

La acusación imputa al apelante que cometió el delito de
violación yaciendo el día 20 de octubre de 1913 con la niña
Juana Olivo, de once años de edad, y al tratar de probar el
Fiscal en el juicio la edad de la perjudicada se suscitaron
varios incidentes entre la acusación y la defensa sobre si la
certificación del acta de nacimiento que presentaba el Fiscal
correspondía o nó a la perjudicada. Estos incidentes fue-
ron motivados porque la expresada certificación se refiere
a una niña llamada Juana Olivo Cirilo, cuando la acusación
nombra a la perjudicada únicamente como Juana Olivo; por-

que el padre de ésta declaró que la perjudicada es hija de su matrimonio con Martina Sánchez y porque la certificación comienza así: "No. 248. Olivio y Cirilo Juana. H. L. Pardo. Gemela con la anterior acta de nacimiento." Sin embargo, el juez sometió al jurado como cuestión de hecho, y con el consentimiento de las partes, que determinase si tal certificación correspondía o nó a la perjudicada y al declarar culpable al apelante del delito de violación no hay duda de que resolvió esa cuestión en contra suya. Entendiéndolo también así la defensa sostiene ahora que se cometió error, pero nosotros encontramos que el jurado estuvo justificado en su determinación.

En efecto, Epifanio Olivo declaró que la única hija que ha procreado en su matrimonio con Martina Sánchez es la perjudicada; que él es hijo de Isidro Olivo y de Ramona Ortiz, que son los mismos que como abuelos paternos figuran en la certificación del acta de nacimiento; que la madre de la niña se llama Martina Sánchez Rosa, que son también los que aparecen en dicha acta excepto el apellido Sánchez, en cuyo lugar está el de Cirilo, y que fué él quien hizo la declaración de nacimiento en el juzgado, lo que también resulta del documento.

Todos estos datos debían llevar y llevaron justamente al jurado a la conclusión de que a pesar de la diferencia entre los apellidos Cirilo y Sánchez correspondientes al primer apellido de la madre, la certificación que se presentó correspondía a la perjudicada Juana Olivo, única hija de Epifanio Olivo, sin que el hecho de que comience la certificación diciendo que es gemela con la anterior acta de nacimiento demuestre que se refiere a una niña que tuvo una hermana gemela, no tan sólo porque esto no se desprende de esas palabras sino porque en la declaración hecha por Epifanio Olivo al declarar el nacimiento de su hija no hay nada que exprese la más remota idea de que esa niña tuvo una hermana gemela.

Según esa certificación del acta de nacimiento de Juana Olivo, ésta nació en 29 de noviembre de 1902, no había aún

cumplido once años cuando en 20 de octubre de 1913 el ape-
lante yació con ella y siendo por tanto menor de catorce años
estuvo justificado el jurado, de acuerdo con las pruebas, al
declararlo culpable del delito de violación; y aun cuando la
acusación imputó también el cargo de haberse realizado el
acto carnal por medio de la fuerza y de la violencia, estamos
conformes con la defensa en que no hubo prueba suficiente
respecto de este extremo pues el hecho de que la niña gritó
mientras el apelante la violaba no es bastante para sostener
que se ejerció en ella otra fuerza o violencia que la inherente
al coito de un hombre con una niña.

Sostiene también el apelante que el juez cometió error
al instruir al jurado respecto a lo declarado por un testigo
de la defensa acerca de la edad de la perjudicada y que sin
esa instrucción el jurado no hubiera podido rendir un vere-
dicto de culpabilidad.

Al declarar en el juicio el Dr. Miguel Veve, testigo de
la defensa, dijo con referencia a la edad de la perjudicada,
lo que en lo necesario transcribimos de la relación de las prue-
bas aprobadas por el juez: "Cree que la niña podría tener
no más de trece años;" * * * "que la niña podrá tener
doce o trece años;" * * * "que una persona por cues-
tiones de enfermedad o de mala alimentación puede presen-
tar el aspecto que presenta la niña, aunque tenga 18 años,
aquí donde hay raquitismo todos los días."

Cuando el juez instruía a los señores del jurado res-
pecto al valor probatorio de las actas de nacimiento, de que
a ellos correspondía decidir si la que se había presentado co-
rrespondía o nó a la perjudicada y que cuando no existe la
evidencia primaria de la edad puede ésta probarse por otra
secundaria, les manifestó que se había demostrado por el
testimonio de un testigo de la defensa que la perjudicada
era menor de edad, que tendría a lo sumo trece años; y ha-
biéndole interrumpido el abogado del acusado diciendo "que
podría tener quince o diez y seis años, fué lo que dijo el Dr.
Veve," continuó el juez en esta forma: "pero la corte os

instruye que la declaración principal del. Dr. Veve trata de demostrar que esta perjudicada tendría como trece años.''

Si bien esa instrucción no era exacta porque dados los términos de la declaración del Dr. Veve no podía sostener el juez de una manera absoluta que se había demostrado con ella que la perjudicada tenía a lo sumo trece años de edad; sin embargo, en vista de que el abogado en su interrupción recordó el otro particular de la declaración y principalmente porque después de ella el juez mitigó su anterior afirmación y expresó que con dicho testimonio se tendía a demostrar la edad, no creemos que causó perjuicio al apelante.

Contestando a la alegación de que sin la expresada instrucción el jurado no hubiera podido rendir un veredicto de culpabilidad, diremos que como se presentó el acta de nacimiento de la perjudicada, si el jurado estimó que se refería a ella, bien pudo, prescindiendo de la declaración del Dr. Veve, llegar a la conclusión de que la niña tenía menos de catorce años, y, por tanto, al veredicto de culpabilidad.

El primer motivo alegado en la moción de nuevo juicio que el tribunal inferior negó, ha sido ya resuelto por nosotros al principio, pues se refiere a la certificación del acta de nacimiento.

El segundo motivo sostiene que la prueba, en cuanto a la penetración, fué erróneamente apreciada por el jurado. No vamos a transcribir aquí las palabras de la perjudicada respecto de este particular y nos bastará decir que a nuestro juicio estuvo justificado el jurado al estimar que se había probado.

Respecto del tercero diremos que conteniendo la acusación dos cargos o maneras cómo el delito se realizó, el dejar de probar uno de ellos no es motivo para conceder un nuevo juicio.

El particular referente a la instrucción del juez al jurado respecto a la declaración del Dr. Veve ha sido tratado anteriormente.

Resueltos los motivos en que las apelaciones se basaron,

debemos declarar sin lugar esos resursos y confirmar la reso-
lución denegatoria de nuevo juicio y la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Hutchison.