[Crim. No. 14452. Third Dist. Sept. 10, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR SAN NICOLAS, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, the Reporter of Decisions is directed
to publish the first paragraph and part II of this opinion.

**Counsel**

Richard L. Phillips for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally, and Jane L. Lamborn, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**EVANS, Acting P. J.**—Defendant was charged by information with oral copulation with a person under 18 years of age (Pen. Code, § 288a, subd. (b)(1)[1]—count II), forcible rape (§ 261, subd. (2)—count III), and two counts of child molestation with a prior section 288 offense (§ 647a—counts I and IV). A jury found him guilty of oral copulation with a minor, unlawful sexual intercourse (§ 261.5), a lesser offense to forcible rape, and both counts of child molestation. In a bifurcated trial in which defendant waived his right to a jury, the court found that defendant had been previously convicted of a section 288 offense. Defendant appeals contending (1) the court failed to exercise its discretion to exclude prejudicial evidence and (2) failed to force the prosecution to elect the acts relied upon to support the charges alleged in counts I and IV; (3) prosecution of the charges alleged in counts I and IV was barred by the statute of limitations; and (4) the court erred by instructing on the lesser offense of unlawful sexual intercourse. We affirm.

. . . . . . . . . . . . . . . . . . . . . . . .*

## II

 Defendant next argues prosecution of the charges alleged in counts I and IV was barred by the statute of limitations. His contention is premised on the position that prosecution of any violation of section 647a must be commenced within *one* year of the date of the offense. He is wrong.

It is true that the prosecution of any offense not punishable by imprisonment in state prison must be commenced within one year after the com-

---

[1]Unless otherwise indicated, all further section references are to the Penal Code.

*See footnote, *ante,* page 403.

mission of the crime. (§ 802.) The statute of limitations period for prosecution of offenses which are punishable by a maximum sentence of eight years in state prison, however, is three years. (§ 801.)

Section 647a provides that any person who commits child molestation may be fined up to $1,000 and/or imprisoned in county jail for a period of up to six months. However, if the offender has previously been convicted of the same crime or a section 288 offense, that person may be imprisoned in state prison for a maximum term of three years. (§§ 18, 647a.) Consequently, the statute of limitations period for prosecution of violations of section 647a may vary according to the criminal history of the offender.

Since defendant had suffered a section 288 offense prior to the commission of the 647a violations, he was subject to imprisonment in state prison. Prosecution of the child molestation offenses alleged in counts I and IV, therefore, would be barred if not commenced within *three* years after the commission of the offense.

The record shows that prosecution of the section 647a offenses was timely. Count I alleged defendant had molested Mandy within the period from October 1982 to August 1983 while count IV alleged violations which occurred between September 1983 through December 1983. This case was certified for trial at the superior court in November 1984. (See § 804.) Accordingly, prosecution of the felony offenses was commenced well within the three-year statute of limitations.

█ Defendant argues the crime of child molestation is punishable as a misdemeanor and therefore the appropriate statute of limitations period for prosecution of *all* section 647a violations is one year. He categorizes the more severe punishment of state imprisonment for violators of section 647a who had suffered a prior section 288 conviction as an enhancement of sentence which must be disregarded in determining the length of time in which criminal prosecution must be commenced. (§ 805.)

Section 805 states "For the purpose of determining the applicable limitation of time . . . [¶] (a) An offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed. Any enhancement of punishment prescribed by statute shall be disregarded in determining the maximum punishment prescribed by statute for an offense." Defendant relies on the comment of the California Law Revision Commission to section 805 which refers to section 666 as an enhancement for punishment of habitual criminals. Section 666 provides the offense of petit theft is punishable by a term in state prison if the offender has previously been convicted of similar offenses.

Defendant argues section 666 and 647a are analogous and therefore classification of a section 666 violation with a similar prior conviction as an enhancement necessarily requires the same classification for a violation of section 647a with a prior section 288 conviction.

Comments of the Law Revision Commission do not have the effect of law and are not binding on the courts. They are merely sources by which legislative intent may be discerned when interpreting the meaning of a statute. (58 Cal.Jur.3d, Statutes, § 161, pp. 563-564; see *Davis* v. *Cordova Recreation & Park Dist.* (1972) 24 Cal.App.3d 789, 796 [101 Cal.Rptr. 358].) "Legislative intent[, however,] is best determined by the language of the statute." (*Plumbing etc. Employers Council* v. *Quillin* (1976) 64 Cal.App.3d 215, 224 [134 Cal.Rptr. 332], citing *Hutchins* v. *Waters* (1975) 51 Cal.App.3d 69, 73 [123 Cal.Rptr. 819].) "'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' [Citations.]" (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856]; *Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 284 [104 Cal.Rptr. 761, 502 P.2d 1049].)

It is clear from the language of section 805 that the provision was intended to exclude enhancements in determining the maximum punishment prescribed by statute for an offense when calculating the applicable statute of limitations period. Section 805 does not indicate in any way that a necessary element of a statutory offense may constitute an enhancement. Since no ambiguity, uncertainty, or doubt about the meaning of the statute is apparent, the provision must be applied according to its terms without further judicial construction. (*In re Andrews* (1976) 18 Cal.3d 208, 212 [133 Cal.Rptr. 365, 555 P.2d 97].)

██ "The term 'enhancement' has a well-established meaning in California law. It is defined as 'an additional term of imprisonment added to the base term' for the particular offense." (*In re Anthony R.* (1984) 154 Cal.App.3d 772, 776 [201 Cal.Rptr. 299].) ██ Contrary to the Law Revision Commission's classification comments on section 666, the court in *In re Anthony R., supra,* held that "[i]n the operation of Penal Code section 666 a prior conviction for an offense specified in that section does not work as an enhancement, i.e., cause an additional term of imprisonment to be added to the base term for petit theft. Rather, it is a necessary element of an entirely different statutory offense. It transforms what otherwise would be a misdemeanor into a hybrid felony misdemeanor, with a greatly increased maximum penalty." (*Id.,* at pp. 776-777.) The same reasoning applies to section 647a.

Moreover, we note the construction of section 805, as urged by defendant, would lead to absurd results. Such interpretation would erode the distinction between enhancements and elements of an offense in certain hybrid offenses. In effect, it would establish the same period of limitation for the prosecution of felonies and misdemeanors in those instances in which an offender's criminal history dictates the degree of the crime. That consequence surely could not have been intended by the Legislature and cannot be permitted. (*City of Plymouth* v. *Superior Court* (1970) 8 Cal.App.3d 454, 466 [96 Cal.Rptr. 636].)

## III*

· · · · · · · · · · · · · · · · · · · · ·

The judgment is affirmed.

Carr, J., and Sparks, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 18, 1986. Reynoso, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 403.