[No. F018708. Fifth Dist. Mar. 3, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD KEITH WHITTEN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

## COUNSEL

Gabriele Alger-Greulich, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edmund D. McMurray and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BUCKLEY, J.**—The central question presented on appeal is whether at sentencing on a violation of Penal Code section 647.6,[1] the trial court may use the defendant's service of a prior prison term as a factor in aggravation of the base term when that prison commitment resulted from the same prior conviction which elevated the current offense to felony status. This requires us to determine whether *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163] abrogates California Rules of Court, rule 421(b)(3) when the prior prison term considered is part of the sentence-elevating prior offense.[2] As we shall explain, *Jones* is inapplicable and consideration of the prior prison term as an aggravating factor is permitted.

[1] All statutory references are to the Penal Code unless otherwise noted.
[2] This rule permits the sentencing court to consider the fact that the defendant has served a prior prison term as a circumstance in aggravation when choosing the appropriate base term.

## STATEMENT OF FACTS[3]

On July 12, 1992, defendant took his fiancee's niece, 16-year-old Shannon A., out in the country to practice her driving. While she was driving, defendant placed his hand on her body. Later, he took her to his fiancee's apartment and told her to go to the bedroom and sit on the bed. Defendant entered the bedroom and began to rub Shannon's breasts and crotch area through her clothing. When Shannon informed defendant that he was scaring her, he said he was sorry, but continued to rub her. Defendant then informed Shannon that if she wanted to learn about sex, he would teach her. Shannon also informed the investigating officer that defendant had touched her previously, on June 21, 1992.

After receiving the report from Shannon, the investigating officer attempted to locate defendant at his apartment but was unsuccessful. A short time later, defendant turned himself in to the Hanford Police at the station house. He informed the investigating officer that he had "started to molest my friend's kid."

In a plea bargain, defendant pled guilty to felony violation of section 647.6,[4] in that he did willfully and unlawfully annoy and molest a child under the age of 18 years, having been previously convicted of the crime of committing a lewd act upon a child, in violation of section 288, subdivision (a).

Defendant was sentenced to the upper term of six years' imprisonment based upon the trial court's finding that "the aggravating circumstances, and specifically the prior prison commitment [for violation of section 288], outweigh the mitigating circumstances . . . ."

## DISCUSSION

### I. *Reliance on Prior Prison Term as an Aggravating Factor*

 Defendant contends the court erred by relying on his prior imprisonment as the sole aggravating factor justifying imposition of the upper base

---

[3]The facts are gleaned from the probation officer's report.

[4]In relevant part, section 647.6 provides: "Every person who annoys or molests any child under the age of 18 is punishable by a fine not exceeding one thousand dollars ($1,000) or by imprisonment in the county jail for not exceeding one year or by both the fine and imprisonment. . . . Every person who violates this section after a previous felony conviction under this section, conviction under Section 288, or felony conviction under Section 311.4 involving a minor under the age of 14 years is punishable by imprisonment in the state prison for two, four, or six years. . . ."

term. He argues the court violated the proscription contained in section 1170, subdivision (b) against the dual use of facts because this prison term was served for a prior conviction which had already resulted in elevation of the instant offense to felony status and increased his sentence from a maximum of a one-year commitment in county jail to a minimum of two years' imprisonment in state prison. The People respond that the trial court's consideration of defendant's service of a prior prison term was proper because the elevating language of section 647.6 providing for increased punishment if the offender has previously been convicted of violation of section 288 is neither an enhancement nor an element of the offense. We agree with the People and conclude the prior section 288 violation was neither an element of the section 647.6 charge nor an enhancement as that term has been statutorily defined.[5] We also conclude that a prison commitment is not inherent in a prior conviction of violation of section 288. Finally, we find *People* v. *Jones, supra,* 5 Cal.4th 1142, to be inapplicable.

(a) *The prior conviction allegation is a sentence enhancing factor.*

*People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076], the Supreme Court held section 666 to be a "sentence-enhancing" statute, determining that the prior conviction allegation was not an element of the offense. For our purposes, section 647.6 is indistinguishable from section 666 and mandates a similar conclusion. (Cf. *People* v. *Weathington* (1991) 231 Cal.App.3d 69 [282 Cal.Rptr. 170] and *People* v. *Webb* (1992) 7 Cal.App.4th 575 [8 Cal.Rptr.2d 904].)[6]

■ In determining that the prior conviction allegation is sentence enhancing but not an enhancement as statutorily defined, it is necessary to distinguish the process of determining aggravating factors from the imposition of enhancements. " 'Sentencing facts' such as aggravating and mitigating circumstances," are the articulation of traditional considerations that "assist a judge in selecting from among the options of punishment . . . ." (*People* v. *Hernandez* (1988) 46 Cal.3d 194, 205 [249 Cal.Rptr. 850, 757 P.2d 1013].) The factors listed in California Rules of Court, rules 421 (aggravation) and 423 (mitigation) are, "illustrative and not exclusive." (Cf.

---

[5]Were we to construe the prior conviction as an enhancement, the trial court would be precluded from using the fact of the conviction to aggravate the defendant's sentence. (See *People* v. *Arbee* (1983) 143 Cal.App.3d 351, 356 [192 Cal.Rptr. 13]; § 1170, subd. (b); Cal. Rules of Court, rule 420(c).) Had we found the prior conviction to be an element of the section 647.6 offense, a similar conclusion would also have been mandated. (Cal. Rules of Court, rule 420(d).

[6]*People* v. *Bouzas, supra,* 53 Cal.3d 467, necessarily disapproved *People* v. *San Nicolas* (1986) 185 Cal.App.3d 403 [229 Cal.Rptr. 650], which held the prior conviction allegation to be an element of a felony section 647.6 (formerly § 647a) offense.

*People* v. *Berry* (1981) 117 Cal.App.3d 184, 193, fn. 4 [172 Cal.Rptr. 756].) For example, rule 421 includes facts relating to the crime and relating to the defendant, specifically providing as a factor in aggravation under rule 421(b)(3) that the defendant has served a prior prison term. Other factors both in aggravation and mitigation should be considered under rule 408(a) which allows a judge to use any other criteria reasonably related to the determination being made. (117 Cal.App.3d at p. 193, fn. 4.) Accordingly, "[t]he scope of information a sentencing court may consider is very broad" (*People* v. *Stanley* (1984) 161 Cal.App.3d 144, 150 [207 Cal.Rptr. 258]) and the factors which the trial court is directed to consider in determining aggravation or mitigation of the crime "include 'practically everything which has a legitimate bearing' on the matter in issue." (*People* v. *Guevara* (1979) 88 Cal.App.3d 86, 93 [151 Cal.Rptr. 511].)

██ In contrast to the vast array of possible aggravating and mitigating factors and the wide discretion given to the trial court in identifying and considering such factors, enhancements are narrowly drawn and the trial court's discretion is limited. The term "enhancement" is narrowly defined as "an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 405(c).) Enhancements must be specifically charged and found true. It is expressly declared that if certain predicates appear the enhancement is to be imposed, unless discretion to strike it has been explicitly given by statute. (See, e.g., Cal. Rules of Court, rules 428, 447 and § 1170.1, subd. (h).) Once it is found that the defendant's conduct falls within a specific statutory provision, no reason need be given for the imposition of the enhancement. (Cal. Rules of Court, rule 428(a).)

██ Here, the prior conviction allegation does not fall within the narrow definition of enhancement provided by the California Rules of Court. Therefore, we conclude it is not an enhancement as defined.

(b) *Jones is inapplicable.*

In *People* v. *Jones, supra,* 5 Cal.4th 1142, 1148-1149, the Supreme Court held that conviction of a prior serious felony and service of a prior prison term arising from commission of the same felony are factually indistinguishable. The court wrote: "The dissent urges that we view the facts of prior conviction and prior prison term as dissimilar for purposes of determining whether a defendant may be exposed to two enhancements for the same prior offense. We cannot do so and be faithful to [*People* v.] *Prather* [1990] 50 Cal.3d 428 [267 Cal.Rptr. 605, 787 P.2d 1012], which, as seen, described the distinction the dissent urges as 'untenable' and by inference 'hypertechnical' and '"supertechnical." ' " (5 Cal.4th at p. 1149.)

Defendant argues: "In light of the *Jones* decision, the trial court's use of both the prior conviction and the prior prison term *as enhancements* for appellant's sentence was prejudicial error." (Italics added.) The fallacy in this argument is that here the court below referred to the service of a prior prison term as a *circumstance in aggravation* in calculating the base term of imprisonment, not as an enhancement or additional term of imprisonment added to the base term already calculated.

Relying on *Jones*, defendant would have us find the trial court was "hypertechnical" in using the prior prison commitment as a basis for imposing the aggravated base term because the prior commitment was so integrally related to the prior conviction from which it arose. We decline to do so for two reasons.

First, the fact that defendant served a prison term as a result of the prior conviction is not a requisite part of this sentence-enhancing factor. The defendant could have been placed on probation as a result of the earlier conviction and still would have been subject to enhanced punishment for the instant offense. Therefore, service of a prison term is not integral to the prior conviction allegation. Thus, the court is not using the very fact which makes the offense a felony to aggravate the base term; hence, the prohibition against dual use of facts is not invoked.

Second, *Jones* was decided in the context of whether a significant distinction exists between a prior prison term and a prior conviction such that two separate enhancements can be applied for the same offense. *Jones* concluded they could not, in part because the prior prison term was merely a "subset" of the prior conviction. (5 Cal.4th at p. 1148.) As demonstrated *ante*, enhancements are not analogous to aggravating factors. Hence, the "subset" analysis is inapplicable to the instant case. Therefore, defendant's reliance on *Jones* is unpersuasive.

The court's examination of aggravating and mitigating factors necessarily involves subjective determinations based upon objectively demonstrated facts. A proper focus of inquiry is whether any lesson was learned from previous grants of probation or parole. (Cf. *People* v. *Regalado* (1980) 108 Cal.App.3d 531, 540 [166 Cal.Rptr. 614].) It is well settled that it is not a dual use of facts to consider one's performance on parole notwithstanding consideration of the underlying conviction as an enhancement. (*People* v. *Jerome* (1984) 160 Cal.App.3d 1087, 1098-1099 [207 Cal.Rptr. 199].) Similarly, in assessing defendant's culpability, it is reasonable to consider service of a prior prison term and conclude that not even such severe punishment has deterred defendant from reoffending. Just as the court may

aggravate on the basis of prior grants of leniency, so too may the court reasonably consider defendant's implacable attitude toward the law. There was no error.

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Dibiaso, Acting P. J., and Thaxter, J., concurred.

A petition for a rehearing was denied March 25, 1994, and appellant's petition for review by the Supreme Court was denied May 25, 1994.

---

*See footnote, *ante*, page 1761.