[No. B181229. Second Dist., Div. Three. Sept. 28, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
LEONARD JAMES McSHERRY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are those portions enclosed within double brackets, [[]].

## COUNSEL

Robert S. Gerstein for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Jaime L. Fuster and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KLEIN, P. J.**—Leonard James McSherry appeals the judgment entered after conviction by jury of attempted molestation of a child under the age of 18 years with a prior conviction of a lewd act in violation of Penal Code section 288. (Pen. Code, §§ 664, 647.6, subd. (c)(2).)[1] The trial court found McSherry had three prior convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12) and sentenced him to a term of 25 years to life in state prison.

In the unpublished portion of the opinion, we reject McSherry's claims of evidentiary and instructional error. In the published portion of the opinion, we reject McSherry's claim the prosecution of the charged offense was not commenced within the applicable limitations period.

### FACTUAL BACKGROUND

1.  *The current offense.*

On the morning of March 10, 2003, a schoolyard supervisor at Hoover Elementary School in Los Angeles saw McSherry sitting in an Oldsmobile near the tetherball courts where numerous third graders were at play. The passenger side window, which was closest to the schoolyard, was down and McSherry was looking in the direction of the children and masturbating. The

---

[1] Subsequent unspecified statutory references are to the Penal Code.

schoolyard supervisor waved her arms to get McSherry's attention. Finally, she said, "Hey," and McSherry, who was still masturbating, turned, appeared surprised and drove away. Although the children could have seen McSherry from their location, none actually did.

### 2. *The prior uncharged incident.*

The trial court permitted the jury to hear evidence of a prior similar incident in 1972. With respect to this incident, Julia F. testified that one morning when she was in the ninth grade she passed a car occupied by McSherry as she walked to school in Long Beach. McSherry was sweating, breathing hard and masturbating. McSherry asked Julia F. if she were still a virgin. Julia F. ran to school and reported what had happened.

While being transported to the police station following his arrest for this incident, McSherry admitted to Long Beach Police Officer Jetta Rodda that he may have been masturbating when he asked a girl some questions, but he had a towel on his lap. McSherry indicated he liked to masturbate while looking at minors but denied he ever would expose himself.

### CONTENTIONS

McSherry contends the trial court erroneously admitted evidence of the prior incident and improperly refused to permit the defense to establish the date of the prior incident. McSherry also contends CALJIC No. 2.50.01 permitted the jury to find he harbored the requisite intent to annoy or molest children if it found, by a preponderance of the evidence, that he committed the prior offense. In a supplemental opening brief, McSherry asserts the instant prosecution is barred by the statute of limitations.

### DISCUSSION*

[[ ]]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 3. *McSherry was prosecuted timely.*

█ The jury convicted McSherry of an attempt to annoy or molest a child under the age of 18 years. The offense of annoying or molesting a child under the age of 18 years generally is a misdemeanor that is punishable by a maximum term of one year in the county jail. (§ 647.6, subd. (a).) Where, as here, the defendant has a prior conviction of a lewd act in violation of section

---

*See footnote, *ante*, page 598.

288, the offense is a felony punishable by two, four or six years in state prison. (§ 647.6, subd. (c)(2).)

McSherry contends that because the *conduct* underlying his conviction is a misdemeanor violation of section 647.6, subdivision (a), the applicable statute of limitations is one year. (*People v. Turner* (2005) 134 Cal.App.4th 1591 [36 Cal.Rptr.3d 888]; § 802, subd. (a).)[4] Because the information in this case was filed more than one year after the charged incident, McSherry concludes the conviction must be reversed. (*People v. Williams* (1999) 21 Cal.4th 335, 339–342 [87 Cal.Rptr.2d 412, 981 P.2d 42].)

■ We disagree. In order to determine the applicable limitations period for an offense, section 805, subdivision (a), directs that we look to the "the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed. Any enhancement of punishment prescribed by statute shall be disregarded in determining the maximum punishment prescribed by statute for an offense." (§ 805, subd. (a).)

In a case involving a violation of former section 647a with a prior conviction of a lewd act, which is the precursor of section 647.6, subdivision (c)(2), *People v. San Nicolas* (1986) 185 Cal.App.3d 403 [229 Cal.Rptr. 650], held the statute of limitations period for prosecution of a violation of former section 647a varied according to the criminal history of the offender.[5] Because the defendant in *San Nicolas* had a prior conviction of a violation of section 288, he was subject to imprisonment in the state prison. (*People v. San Nicolas, supra,* at p. 406.) Accordingly, the three-year statute of limitations applied. (§ 801 [an offense punishable by imprisonment in the state prison shall be commenced within three years].)

■ We find the reasoning of *San Nicolas* persuasive. Because section 647.6, subdivision (c)(2) is an "offense punishable by imprisonment in the state prison," the three-year statute of limitations applies. (§ 801.)

---

[4] Section 802, subdivision (a) directs that "prosecution for an offense not punishable by death or imprisonment in the state prison shall be commenced within one year after commission of the offense."

[5] Former section 647a provided: "Every person who annoys or molests any child under the age of 18 is a vagrant and is punishable by a fine not exceeding one thousand dollars ($1,000) or by imprisonment in the county jail for not exceeding six months or by both such fine and imprisonment. Every person who violates this section after having entered, without consent, an inhabited dwelling house, or trailer coach as defined in Section 635 of the Vehicle Code, or the inhabited portion of any other building, is punishable by imprisonment in the state prison, or the county jail not exceeding one year. Every person who violates this section is punishable upon the second and each subsequent conviction or upon the first conviction after a previous conviction under section 288 by imprisonment in the state prison."

*Turner*, the case McSherry relies upon, is distinguishable. The defendant in *Turner* was charged with residential robbery, which generally must be prosecuted within three years. The trial court ruled the allegation of prior convictions within the meaning of the Three Strikes law subjected the defendant to a maximum term of 25 years to life in state prison. Thus, the robbery was punishable by "imprisonment in the state prison for life" and therefore could be prosecuted "at any time." (§ 799.) *Turner* rejected this view and concluded the *conduct* underlying the conviction, regardless of any recidivism provisions, determines the limitation period. Thus, the three-year statute of limitations controls.

Applying *Turner* here, McSherry asserts that because the conduct underlying his conviction, absent McSherry's recidivism, constituted a misdemeanor, the applicable statute of limitations is one year. However, *Turner* involved the Three Strikes law, which constitutes an alternate sentencing scheme. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 527 [53 Cal.Rptr.2d 789, 917 P.2d 628].) Thus, the term imposed under the Three Strikes law cannot be considered the "maximum punishment prescribed by statute for the offense" under section 805, subdivision (a). Accordingly, *Turner* properly rejected the trial court's reliance on the Three Strikes law to determine the statute of limitations.

On the other hand, annoying or molesting a child with a prior conviction of a lewd act in violation of section 288 is a felony punishable by a term of two, four or six years in state prison. (§ 647.6, subd. (c)(2).) Because the maximum term prescribed by statute for a violation of section 647.6, subdivision (c)(2), is six years, the applicable statute of limitations is three years.

█ Additionally, given the *San Nicolas* result in 1986, application of the misdemeanor statute of limitations in this case would run afoul of the rule of statutory construction that recognizes that where statutory language has been construed judicially, and the Legislature thereafter amends the statute but leaves the construed language intact, it is presumed the Legislature was aware of the prior construction and adopted it. (*People v. Modiri* (2006) 39 Cal.4th 481, 499 [46 Cal.Rptr.3d 762]; *People v. Martinez* (1995) 11 Cal.4th 434, 446 [45 Cal.Rptr.2d 905, 903 P.2d 1037].)

Applying that rule here, we note that former section 647a was judicially construed in *San Nicolas* and section 647.6, subdivision (c)(2), was a subsequent statute on a similar subject that used substantially similar language. At the time of *San Nicolas*, section 802, subdivision (b), provided prosecution for a misdemeanor violation of former section 647a committed upon a minor under the age of 11 years, could be commenced within two

years after commission of the offense. (Stats. 1985, ch. 1172, § 2, p. 3957.) In 1991, the Legislature amended section 802, subdivision (b), to increase the applicable age of the child from 11 years to 14 years and to add an express reference to section 647.6. (Stats. 1991, ch. 129, § 1, p. 1328.)

The Legislature amended section 802, subdivision (b), again in 2002 to increase the limitation period for a violation of section 647.6 when the victim was under the age of 14 years from two to three years. (Stats. 2002, ch. 828, § 2.) By effecting these amendments without disturbing the judicial construction of the limitations period applicable to a violation of the precursor of section 647.6, subdivision (c)(2), the Legislature indicated its intent to adopt the *San Nicolas* result that the applicable statute of limitations for that offense is three years. (*People v. Lopez* (2003) 31 Cal.4th 1051, 1060 [6 Cal.Rptr.3d 432, 79 P.3d 548].)

This conclusion is buttressed by the legislative analysis of the bill effecting the 2002 amendment prepared by the Senate Committee on Public Safety, which indicated the applicable statute of limitations for child annoyance with a prior conviction was three years or more.[6] The Assembly Committee on Public Safety similarly indicated that, "[i]n situations involving repeat offenders, the applicable statute of limitations is three years." (Assem. Comm. on Public Safety, Analysis of Assem. Bill No. 2499 (2001–2002 Reg. Sess.) as introduced on Feb. 21, 2002, p. 7.)

Based on these representations of the current law made to the Legislature by the various committees, the amendment of section 802 in 2002 demonstrates the Legislature's intent to adopt the reasoning of *San Nicolas* that a violation of section 647.6, subdivision (c)(2), is governed by the three-year period of limitations.

■ Consequently, we conclude the prosecution of McSherry, which was commenced within three years of the charged offense, was timely.

---

[6] The full quote of the legislative analysis by the Senate Committee on Public Safety stated: "Under current law, if a person has previously been convicted of child annoying as a misdemeanor, a second or subsequent conviction is punishable as a felony. Existing law also provides that any person convicted of child annoying after a previous felony conviction for the same offense or other specified felony sex offenses is a felony, with an increased prison term. Sexually motivated touching against a child under the age of 14 [years] is a felony under Penal Code section 288(a). [¶] The applicable statutes of limitations for all of these felony offenses is three years or more, depending upon the penalty term, under current law." (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 2499 (2001–2002 Reg. Sess.) as amended June 27, 2002, p. J.)

## DISPOSITION

The judgment is affirmed.

Kitching, J., and Aldrich, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 17, 2007, S147951. Moreno, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.