Filed 9/16/14  P. v. Williams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN WILLIAMS III,<br><br>    Defendant and Appellant. | F065503<br><br>(Super. Ct. No. RF006180A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Bryan K. Stainfield, Judge.

Aaron Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A jury convicted appellant John Williams III of petty theft and misdemeanor resisting a peace officer.  Williams's prior convictions elevated the petty theft to a felony.

He claims his due process rights were violated by the trial court's restricting his ability to present a defense. He also contends the trial court erred at sentencing by violating the prohibition against the dual use of facts, and abused its discretion by imposing a 10-year prison term. We reject his contentions and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

Micah Russell, assistant manager of the Stater Bros. grocery store in Ridgecrest, was in the milk box—the area behind the milk cases—filling the shelves with milk the afternoon of September 26, 2011. When in the milk box, Russell fills shelves from the back and can see out into the aisles. Russell saw Williams pick up a bag of Skittles candy, look back and forth along the aisle, and then place the bag in his pants pocket. Russell watched Williams head down the aisle and out the doors of the store; Williams did not stop at a checkstand.

Russell and another employee went after Williams and confronted him. Russell asked Williams about the item he took; Williams denied taking anything. Russell could see the bag of candy in Williams's pocket. Russell told Williams he needed to come back inside the store so Russell could take Williams's picture and fill out some paperwork prohibiting Williams from shopping at the store in the future.

Williams went back into the store with Russell. Meanwhile, the store manager had called the police. While Russell was filling out a report, he spoke with Williams. Williams acknowledged putting the bag of Skittles in his pocket. Detective Ryan Sloan of the Ridgecrest Police Department arrived. Sloan walked into the room where Russell and Williams were located and walked over to Williams. Williams made a comment to the effect that "he messed up, he stole some candy bars."

Sloan asked if Stater Bros. wanted to press charges against Williams. It did. Williams was found in possession of two large bags of candy, a bottle of cologne, and a box of Pop-Tarts. As Sloan started placing Williams under arrest, Williams began asking

2.

the store employees not to press charges and to allow him to pay for the items and "make it right."

Sloan asked Williams to turn and face the wall with his hands behind his back. As Sloan held Williams's arm to handcuff him, he felt Williams tense and jerk back. Sloan pushed Williams against the wall, but Williams managed to break free of Sloan's hold and spin around. Eventually, Sloan placed Williams in a headlock and, with assistance from store employees, was able to restrain Williams. Williams was taken into custody.

Williams was charged with second degree burglary, petty theft with a prior theft conviction, and deterring an executive officer in the performance of his duties. The prosecution also alleged Williams had suffered a conviction that qualified as a strike under Penal Code sections 667 and 1170.12,[1] and that he had served four prison terms within the meaning of section 667.5, subdivision (b).

Williams pled not guilty to all charges. He rejected an offer from the prosecution to plead to one felony charge in exchange for the low term, doubled because of his prior strike conviction.

The prosecution called Russell, Sloan, and the store manager to testify at trial. After the prosecution rested, the defense indicated it would not offer any evidence. The trial court instructed both counsel to provide copies of any desired jury instructions, and the trial court would confer with counsel after lunch and give the case "to the jury this afternoon."

At this point defense counsel stated, "I would have like[d] to have had the pants here for the jury to look at but I would not be able to get those probably until tomorrow." The trial court asked why the pants were not at court already. Defense counsel responded he "just didn't have time to get them brought out here from his property, Mr. Williams'

---

[1]All further statutory references are to the Penal Code.

3.

property." The trial court responded, "That's an issue you were aware of well before today, I assume."

Defense counsel responded that during the "last couple of days" Williams had described the pants differently, "much baggier than what was led -- what was testified to." The trial court asked what the relevance of the pants was and defense counsel responded, "[N]o one would try to hide bags of candy in a pants pocket that obviously they're going to fall through and come out on the floor." The trial court responded, "We're going to go forward regardless."

The jury found Williams not guilty on count 1, burglary, guilty of petty theft with a prior in count 2, and guilty of the lesser offense of misdemeanor resisting a peace officer in count 3. It also found true that Williams previously had been convicted of a strike offense and had served four prison terms.

A defense motion to dismiss the strike conviction was denied. The trial court sentenced Williams to a term of three years in state prison on count 2, doubled because of the strike conviction, and an additional one-year term for each of the four prison terms, for a total of 10 years in prison.

## DISCUSSION

Williams raises three issues in this appeal. First, he contends the trial court erred, infringed on his right to present a defense, and denied him due process when it failed to continue the trial to allow defense counsel to obtain the pants Williams was wearing at the time of his arrest and present them to the jury. Second, Williams claims the trial court violated the prohibition on dual use of facts at sentencing when it imposed the upper term on the count 2 offense and a term of imprisonment for each of the prison priors. Third, he argues the trial court abused its discretion in sentencing him to a total term of 10 years in prison and failed to exercise its discretion to determine whether the theft conviction should have been a misdemeanor or felony.

4.

## I.	Due Process Violation

Williams had been represented by the public defender's office at least since January 17, 2012, when the attorney who represented Williams at trial, Hank Mosier, appeared on his behalf at a prepreliminary hearing. At the preliminary hearing on January 26, 2012, Mosier questioned Sloan about the pants Williams had been wearing at the time of his arrest, the hole in the pocket of the pants, and items falling out of the pocket because of the hole.

Motions for a continuance of a trial, made at the start of a trial, are untimely when the reason for the request for a continuance previously was known and the party delayed in taking action. (*People v. Jeffers* (1987) 188 Cal.App.3d 840, 850-851; *People v. Ruiz* (1983) 142 Cal.App.3d 780, 786-787.) Here, defense counsel waited until the conclusion of the prosecution's case at trial to seek a continuance in order to produce the pants as evidence. The questioning at the preliminary hearing disclosed that the defense considered the condition of the pants relevant. Yet, no action was taken to make them available as evidence at the start of trial. The request simply was untimely and the trial court's denial was reasonable.

Regardless, even assuming the trial court should have granted the request for a continuance, Williams was not precluded from presenting a defense. The exclusion of defense evidence on a minor point does not infringe on the constitutional right to present a defense. (*People v. Cunningham* (2001) 25 Cal.4th 926, 999.)

The standard of review is whether it is reasonably probable a result more favorable to the defendant would have been reached in the absence of the error. (*People v. Fudge* (1994) 7 Cal.4th 1075, 1103.) We have confidence in the outcome of the trial because of the strength of the evidence of guilt. Russell saw Williams place the Skittles bag in his pants pocket, leave the store without stopping to pay, and saw the candy in Williams's pants pocket when he was detained outside the store. Williams made an admission of guilt when he told Sloan he had "messed up" by stealing candy. Williams was found in

5.

possession of two large bags of candy, a bottle of cologne, and a box of Pop-Tarts when he was arrested at the store. Williams also implicitly admitted guilt when he asked store employees not to press charges and to allow him to pay for the items and "make it right." In light of the evidence adduced at trial, it is not reasonably probable that a result more favorable to Williams would have been reached at trial if the pants had been admitted into evidence. (*Id.* at p. 1103.)

Finally, there was no due process violation. Due process concerns the fairness of the trial as a whole. Not every procedural violation amounts to a due process violation. Only those violations that undermine confidence in the outcome of the case will qualify. (*People v. Ochoa* (1998) 19 Cal.4th 353, 474 ["'due process concerns itself with the fairness of the trial as a whole'"].) As set forth above, we have confidence in the outcome of the case because the strength of the evidence of guilt adduced at trial was such that submitting the pants Williams was wearing at the time of arrest into evidence would not have altered the outcome.

## II. Sentencing Issues

Williams raises two issues regarding his sentence. First, the imposition of the upper term violated the prohibition against the dual use of facts set forth in section 1170, subdivision (b). Second, the trial court abused its discretion in sentencing him to a term of 10 years in state prison. As part of this contention, Williams claims the trial court failed to determine whether the theft conviction should be a misdemeanor or a felony.

### *Dual Use of Facts*

The probation report prepared for sentencing listed numerous prior offenses committed by Williams. The list covered three pages. At the time he committed the current offenses, Williams was on parole and misdemeanor probation. The report noted Williams had served four prison terms and had committed a strike offense between 1994 and the time of the commission of the current offenses.

The probation officer found no circumstances in mitigation but noted three aggravating circumstances. Williams had numerous prior convictions as an adult and multiple sustained petitions as a juvenile; he was on misdemeanor probation and parole when he committed the current offenses; and his prior performance on parole and probation was unsatisfactory in that he violated terms and reoffended. The probation officer recommended a term of six years be imposed for the petty theft with a prior offense, plus one year for each of the four prior prison term enhancements, for a total fixed term of 10 years.

At sentencing, the trial court stated it had read the probation report. The trial court asked counsel for arguments on sentencing; both defense counsel and the prosecutor argued their respective positions. The trial court also allowed Williams to address the court.

The trial court noted Williams had a "significant criminal history." The trial court stated it was not going to consider the pretrial plea offer "in any way" in sentencing and Williams was not "in any way, shape, or form by this court being punished for exercising [his] Constitutional right to go to a jury trial." The trial court further stated, "At this point, with this criminal history that you have, we've reached the end of the line."

The trial court found no circumstances in mitigation. The aggravating circumstances articulated by the trial court were (1) the numerous convictions as an adult and the sustained juvenile dependency petitions; (2) Williams was on parole and misdemeanor probation at the time he committed the current offenses; and (3) Williams's prior performance on parole and probation was unsatisfactory in that he violated terms and reoffended. The trial court denied probation and sentenced Williams in accordance with the probation officer's recommendation to a fixed term of 10 years in state prison. The trial court asked defense counsel if he wanted to make any argument for the record, at which point there was a discussion and clarification of credits to be awarded.

7.

The People contend Williams has forfeited any objection to the sentence by failing to make an objection at the time of sentencing. We decline to consider the issue forfeited. Defense counsel argued the points in the probation report and asked for a much lower sentence prior to the trial court's final pronouncement. Specifically, defense counsel argued Williams should receive the sentence offered in the pretrial plea offer, stating multiple reasons why this sentence would serve "justice and fair play." We, however, reject Williams's contention on the merits.

There is no dual use of facts here in imposing the upper term *and* the prison term enhancements. Williams's reliance on *People v. Coleman* (1989) 48 Cal.3d 112 is misplaced. In *Coleman,* the trial court violated the dual use rule when it used a prior prison term to impose the upper term and to impose a prison term enhancement. (*Id.* at p. 164.) Serving a prison term and the failure to remain free of felony convictions and custody for a period of five years, as set forth in section 667.5, subdivision (b), is not the same as parole status and performance on parole. Hence, the use of parole status and performance on parole as an aggravating factor and imposing the enhancement in this case does not violate the dual use rule. (*People v. Whitten* (1994) 22 Cal.App.4th 1761, 1767; *People v. Jerome* (1984) 160 Cal.App.3d 1087, 1098-1099.)

### *No Abuse of Discretion*

Williams argues the trial court abused its discretion in imposing a 10-year prison term "for walking out of a store with a bag of Skittles." He also asserts the trial court failed to exercise discretion as to whether the petty theft with a prior conviction should be a felony or misdemeanor. The burden is on Williams to demonstrate the trial court's sentencing decision clearly was an abuse of discretion in that it was arbitrary or irrational. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977.)

We first address Williams's claim that the matter must be remanded for resentencing because the trial court failed to exercise its discretion to determine whether the offense should be a misdemeanor or a felony. He is mistaken.

8.

The trial court did exercise its discretion and determined the offense would be treated as a felony.  The determination under section 17, subdivision (b) as to whether an offense is to be treated as a felony or misdemeanor is to be made by the trial court at the time of sentencing.  (*People v. Superior Court* (*Perez*) (1995) 38 Cal.App.4th 347, 360.)  The "determination of the nature of a current wobbler crime is the actual punishment imposed for that crime."  (*Ibid.*, fn. omitted.)  Here, the trial court imposed a prison term for the offense, thereby determining the offense to be a felony.  (*Ibid.*; § 17, subd. (b)(1).)

And, contrary to Williams's assertion, the 10-year term was not imposed merely for taking a bag of Skittles and was not an abuse of discretion.  A trial court's sentencing decision is reviewed for abuse of discretion and will not be disturbed on appeal unless the decision is irrational or arbitrary.  (*People v. Jones* (2009) 178 Cal.App.4th 853, 860 (*Jones*).)  Here, it is not.

The trial court articulated valid reasons for imposing the term it did—no mitigating factors and three aggravating factors.  A single aggravating factor will support imposition of an upper term.  (*Jones, supra,* 178 Cal.App.4th at p. 863, fn. 7.)  The trial court imposed the upper term based upon Williams's extensive criminal record and that he was on parole and misdemeanor probation when he committed the current offenses, plus his unsatisfactory performance while on parole and probation.  Any one of these factors supports the upper term.  (*Ibid.*)

The trial court also noted Williams's respectful demeanor during trial, but commented that he had a lengthy criminal history and his criminal behavior had "stayed the same" for a number of years.  Williams had over 10 misdemeanor convictions as an adult, in addition to the prior felony, plus juvenile adjudications for receiving stolen property and resisting arrest.

As the trial court stated, with his criminal history, Williams had "reached the end of the line" with the court.  The trial court noted that in regard to Williams's 2009 conviction, he received "some benefit at that time" and was placed on parole after being

incarcerated for less than a year. While on parole for the 2009 offense, Williams reoffended and therefore his prior performance on parole and probation was unsatisfactory. The trial court also noted Williams's comment to the court and probation officer that he "really didn't do nothing wrong."

In the absence of a showing that the trial court's sentencing determination was arbitrary or irrational, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on appeal. (*People v. Carmony,* 33 Cal.4th 367, 376-377.) Williams has made no such showing here.

Williams's argument that the imposition of a sentence of 10 years for petty theft is an abuse of discretion and "so unjust as to be preposterous" is essentially a contention that the sentence imposed is unreasonable or disproportionate to the crime. The United States Supreme Court case of *Lockyer v. Andrade* (2003) 538 U.S. 63 is instructive. That court examined cases bearing on the question of the proportionality of term-of-years sentences. (*Id.* at pp. 68-72.) In sum, the United States Supreme Court concluded that the application of the Three Strikes law to produce a 50-years-to-life sentence for petty theft was not contrary to, nor did it result in, an unreasonable application of established law or a grossly disproportionate sentence. (*Andrade,* at pp. 66-67, 77.) Consequently, we will not conclude that a sentence of 10 years is unreasonable or an abuse of discretion.

**DISPOSITION**

The judgment is affirmed.

10.

_____
CORNELL, J.

WE CONCUR:


_____
HILL, P.J.


_____
GOMES, J.