[No. A105680. First Dist., Div. One. Dec. 20, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD LEE TURNER, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Under California Rules of Court, rules 976(b) and 976.1, only the two introductory paragraphs, part I of the Discussion section on pages 1594–1601, and the Conclusion are certified for publication.

**1592**

## Counsel

Joseph Shipp, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Eric D. Share and Dorian Jung, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**STEIN, J.**—Edward Lee Turner was convicted of multiple counts, committed against four different victims, of forcible oral copulation (Pen. Code,[1] § 288a, subd. (c)(2)), forcible rape (§ 261, subd. (a)(2)), aggravated assault (§ 245, subd. (a)(1)), false imprisonment by violence (§§ 236, 237), making criminal threats (§ 422), kidnapping (§ 207), residential robbery (§§ 211, 212.5), and torture (§ 206). The court also found true allegations of seven prior convictions under the "Three Strikes" law (§ 1170.12), several prior serious felony convictions (§ 667, subd. (a)(1)), a prior conviction under the "One Strike" law (§ 667.61) and two prior prison terms (§ 667.5, subd. (b)). The court sentenced defendant to a total prison term of 283 years to life.

---

[1] All subsequent statutory references are to the Penal Code unless otherwise indicated.

We shall reverse defendant's conviction for robbery (count 12), on the ground that the prosecution was barred by the applicable statute of limitations, and remand for resentencing. In all other respects, the judgment shall be affirmed.

FACTS[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

## I.

### Denial of the Motion to Dismiss the 1995 Robbery Count As Barred by Statute of Limitations

Defendant first contends that the court erred in denying his motion to dismiss count 13 for first degree robbery, on the ground the prosecution was barred by the applicable statute of limitations. Before addressing defendant's specific contention, we briefly provide some background on the relevant statutory scheme.

*Statutory Background*

The current scheme of criminal statutes of limitation is set forth in sections 799 through 805. In 1981, in recognition of the fact "that piecemeal amendment over the years had produced a scheme that was confusing, inconsistent, and lacking in cohesive rationale," the Legislature referred the matter to the Law Revision Commission for comprehensive review. (*People v. Frazer* (1999) 21 Cal.4th 737, 743 [88 Cal.Rptr.2d 312, 982 P.2d 180]; Stats. 1981, ch. 909, § 3, p. 3443.) In 1984, the Legislature overhauled the entire scheme. (Stats. 1984, ch. 1270, §§ 1–2, pp. 4335–4337.) The revised scheme reflected the primary recommendation of the Law Revision Commission that the length of a "limitations statute should generally be based on the seriousness of the crime." (17 Cal. L. Revision Com. Rep. (1984) p. 313.) The use of seriousness of the crime as the primary factor in determining the length of the applicable statute of limitations was designed to strike the right balance between the societal interest in pursuing and punishing those who commit serious crimes, and the importance of barring stale claims. (*Id.*, p. 314.) It also served the procedural need to "provid[e] predictability" and promote "uniformity of treatment for perpetrators and victims of all serious crimes." (*Ibid.*) The commission suggested that the

[*]See footnote, *ante*, page 1591.

seriousness of an offense could easily be determined in the first instance by the classification of the crime as a felony rather than a misdemeanor. Within the class of felonies, "a long term of imprisonment is a determination that it is one of the more serious felonies; and imposition of the death penalty or life in prison is a determination that society views the crime as the most serious." (*Id.*, p. 313.)

██ Reflecting these principles, the current statutory scheme of limitations for the prosecution of crimes turns on the maximum punishment prescribed for the offense. The shortest limitation period of one year applies to most misdemeanors. (§ 802.) For most felonies, including wobblers, the applicable statute of limitations is section 801, which provides that the "prosecution for an offense punishable by imprisonment in the state prison shall be commenced within three years after the commission of the offense." If, however, the prosecution is for a felony "punishable by imprisonment in the state prison for eight years or more," the prosecution may be commenced within six years. (§ 800.) Finally, with an exception not relevant here, only a prosecution for "an offense punishable by death or by imprisonment in the state prison for life . . . may be commenced at any time." (§ 799.) Section 805, subdivision (a) further specifies that for the purpose of determining the applicable limitation period, "[a]n offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed. Any enhancement of punishment prescribed by statute shall be disregarded in determining the maximum punishment prescribed by statute for an offense."

*Determination of Statute of Limitations Applicable to Count 13*

██ Defendant moved to dismiss count 13, which charged a first degree residential robbery involving Jane Doe 4, because it was alleged to have occurred between October 24–27, 1995, yet the information charging the robbery count was not filed until 2001, more than three years after the offense was committed. (§§ 801, 804, subd. (a) [prosecution commences when an indictment or information is filed].)[4] First degree residential robbery by a defendant acting alone is punishable by a maximum prison term of six years, and therefore falls within the category of felonies to which section 801 applies. (§ 213, subd. (a)(1)(B); see, e.g., *People v. Douglas* (1966) 246 Cal.App.2d 594, 598 [54 Cal.Rptr. 777] [prosecution for robbery was commenced within the three-year period specified in § 801].) Nonetheless, the

---

[4] The prosecution may also be commenced when an arrest warrant or bench warrant is issued. (§ 804, subd. (d).) The district attorney did not, however, contend that the prosecution was commenced any earlier than the filing of the information in 2001, or that the statutory period was tolled for any reason. (§ 803.) Nor does the Attorney General contend on appeal that, if section 801 is the applicable limitation period, the prosecution was commenced within the period, or that the statute was tolled.

trial court denied defendant's motion because it determined that, in this case, section 799 applied. The court reasoned that the information also included allegations under the Three Strikes law that defendant had multiple prior serious felony convictions. Under that alternate sentencing scheme, upon conviction of the robbery *and* findings that two of the prior serious felony conviction allegations were true, defendant would be subject to an indeterminate term of 25 years to life in prison. (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A).) The court concluded that, in this case, the robbery was punishable by "imprisonment in the state prison for life" and therefore could be prosecuted "at any time." (§ 799.)

Defendant argues the court erred because the determination of the applicable statute of limitations is made based on the maximum punishment prescribed for the offense itself, not the indeterminate life term prescribed by the alternate sentencing scheme of the Three Strikes law, to which he is subject based upon the additional allegations of his status as a recidivist. The question whether an offense that normally is subject to the limitation period of section 801 instead may be prosecuted "at any time," pursuant to section 799, when allegations of a defendant's recidivist status expose the defendant to an indeterminate life term under the Three Strikes law, is an issue of first impression. The issue is one of statutory interpretation, and turns on the meaning, in section 799, of "an offense punishable by . . . imprisonment in the state prison for life," and in section 805 of "the maximum punishment prescribed by statute for the offense." Specifically, the issue is whether the "offense" referred to must *itself* be punishable by life imprisonment, or whether the Legislature intended to include any offense which may result in a life sentence based upon facts other than the commission of the offense itself. We shall conclude that the former interpretation is correct, and therefore shall reverse defendant's conviction for robbery.

██ " 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language "in isolation." [Citation.] Rather, we look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]" [Citation.] . . . We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." [Citations.]' " (*People v. Garrett* (2001) 92 Cal.App.4th 1417, 1422 [112 Cal.Rptr.2d 643].)

We base our conclusion that, for the purpose of determining the applicable statute of limitations, the maximum punishment is the punishment prescribed

for the offense itself, primarily upon our interpretation of the plain language of section 799 and section 805. Both sections 799 and 805 refer only to prosecution for an "*offense*," and punishment prescribed by "statute for the *offense*," not to prosecution and punishment that applies to a particular *offender*, and which is based upon facts other than the commission of the offense for which he or she is being prosecuted. The Penal Code defines an "offense" as "an *act* committed or omitted in violation of a law forbidding or commanding it." (§ 15, italics added.) In the context of selecting the applicable statute of limitations for a prosecution, the "act" or "offense" must refer to the current felony for which the defendant is to be, or is being, prosecuted, not the facts of prior convictions, because the prior convictions are based on records of prosecutions that have already been brought. The maximum punishment prescribed by "statute for the *offense*" (§ 805, subd. (a), italics added) therefore logically refers to the maximum punishment for the current offense for which the defendant is being prosecuted, and to which he may assert the bar of the statute of limitations.

The punishment of an indeterminate life term under the Three Strikes law, by contrast, is not a punishment specified by statute for an "offense," i.e., the current act for which the defendant is to be prosecuted. It is an alternative sentence imposed upon those who commit a current felony offense, *and* who are recidivist offenders. The allegations of prior serious felony convictions within the meaning of the Three Strikes law do not constitute an "offense" for which the defendant is to be prosecuted. Instead these allegations refer only to facts relevant to a particular offender, which if proved establish not the commission of an offense, but his *status* as a recidivist. The indeterminate life term to which the offender may be subject, under the Three Strikes law, is not a punishment imposed for commission of the "offense," i.e., the current felony offense for which the defendant is being prosecuted. It is an alternative punishment that is imposed *based upon the fact of the defendant's recidivism*, and it is imposed upon conviction of "a felony" without regard to the seriousness of the current felony offense, if the defendant has two or more "serious" or violent felony convictions. (§ 1170.12, subds. (a), (b), (c)(2)(A); see also *People v. Henson* (1997) 57 Cal.App.4th 1380, 1386 [67 Cal.Rptr.2d 734].) For example, in *People v. Murphy* (2001) 25 Cal.4th 136 [105 Cal.Rptr.2d 387, 19 P.3d 1129], in the context of rejecting a defendant's argument that section 654, which applies only to an "act or omission," precluded sentencing under both the Three Strikes law and section 667.71, our Supreme Court explained that the increased penalties under these sentencing schemes "depends on a fact—the defendant's status as a repeat offender—*not on an act or omission*" (*People v. Murphy, supra*, at p. 156, italics added) and punishes "the *fact* of defendant's recidivism" (*id.* at p. 155). For these reasons the indeterminate life term under the Three Strikes law is not, within the meaning of section 805, "the maximum

punishment prescribed by statute *for the offense* [italics added]." This phrase refers to the punishment prescribed by statute for the commission of the current felony offense itself, not to the alternate punishment that is imposed under the Three Strikes law based upon the defendant's recidivism.

Construing the term "offense" in sections 799 and 805 to refer to the current felony, and selecting the applicable statute of limitations based upon the "maximum punishment prescribed by statute for the offense," i.e., the statute prescribing punishment for the current felony itself, is consistent with the basic principle underlying the revision of this statutory scheme in 1984 that the selection of the applicable statute of limitation should be based upon the seriousness of the offense as indicated by the punishment prescribed for it. This is so because determining the applicable statute of limitation based upon the punishment prescribed by statute for the current felony itself ensures that selection of the applicable statute of limitation corresponds to the seriousness of the offense for which the defendant is to be prosecuted, rather than on other factors relating not to the offense, but rather to the offender. It also preserves the legislative purpose underlying section 799 that only prosecution of the most serious offenses could be prosecuted "at any time." By contrast, under the construction adopted by the trial court, the prosecution of *any felony, without regard to the seriousness of the current felony offense,* could be commenced at any time, if the offender has the requisite number of qualifying prior convictions, because under the three strikes sentencing scheme a defendant with the requisite number of qualifying prior convictions may be sentenced to a life term upon conviction of "a felony." (§ 1170.12, subds. (a) & (c)(2)(A).) Such a construction would be inconsistent with the Legislature's intention that section 799 apply only to the most serious offenses punishable by death or life imprisonment. (See also *People v. Zamora* (1976) 18 Cal.3d 538, 547 [134 Cal.Rptr. 784, 557 P.2d 75] ["adoption of a period of limitation represents a legislative recognition that for all but the most serious of offenses (such as murder or kidnapping) a never-ending threat of prosecution is more detrimental to the functioning of a civilized society than it is beneficial"].)

We also find support for our construction in a decision of our Supreme Court interpreting and applying similar statutory language in the context of a defendant who was subject to a life sentence under the Three Strikes law. (*People v. Thomas* (1999) 21 Cal.4th 1122 [90 Cal.Rptr.2d 642, 988 P.2d 563] (*Thomas*).) Section 799, by its terms, applies to "[p]rosecution for *an offense punishable by death or by imprisonment in the state prison for life* . . . [italics added]." In *Thomas,* the court addressed the question whether the limitation of credits in section 2933.1 applied to the defendant. Section 2933.1 applies to a person convicted of a violent felony, which includes "[a]ny felony punishable by death or imprisonment in the state prison for life." (§ 667.5, subd. (c)(7).) The defendant was convicted of a felony that did not itself carry

a life sentence, but he received a life sentence because he was sentenced as a recidivist under the Three Strikes law. Our Supreme Court, albeit in this different statutory context, concluded that the similar phrase "[a]ny felony *punishable by death or imprisonment in the state prison for life*" in section 667.5, subdivision (c)(7) (*Thomas, supra,* at pp. 1127, italics added) refers only to an offense that itself is punishable by life imprisonment, and was not intended to include "any felony the commission of which may result in a life sentence," based upon the defendant's status as a recidivist offender under the Three Strikes law. (*Ibid.*) We recognize that the interpretation in *Thomas* of similar language in section 667.5, subdivision (c)(7), is not controlling. Nonetheless, we find no reason to adopt a different construction of the similar phrase *"an offense punishable by death or imprisonment in the state prison for life"* in section 799 (italics added), as applied to an offense which is not itself punishable by life in prison, but for which this defendant was eligible to receive an indeterminate life term based upon allegations of prior convictions under the Three Strikes law.

In support of the alternative construction adopted by the trial court, which selects the applicable statute of limitations based upon the punishment prescribed under the Three Strikes law for recidivist offenders, the Attorney General relies primarily upon the last sentence of subdivision (a) of section 805, which states: "Any enhancement of punishment prescribed by statute shall be disregarded in determining the maximum punishment prescribed by statute for an offense." The Attorney General reasons that since the punishment under the Three Strikes law is not an *enhancement*, a point that defendant readily concedes, then the life term that may be imposed pursuant to it must be deemed the "maximum punishment prescribed by statute for [the] offense." All the last sentence of subdivision (a) of section 805 establishes, however, is that enhancements are *not* to be included in the determination of the maximum punishment prescribed by statute for the offense. Since the life term imposed under the Three Strikes law is not an enhancement, the last sentence of subdivision (a) of section 805 does not answer, and indeed begs the question, whether the alternate life sentence imposed under the Three Strikes law is a punishment prescribed by "statute *for the offense.*" For the reasons we have stated, it is not. Instead, it is an alternate sentencing scheme that applies and imposes punishment based upon the fact of defendant's recidivism. If anything, the direction in section 805 to disregard any enhancements in determining the maximum punishment prescribed for an offense clarifies that the Legislature intended the relevant penalty to be the punishment imposed for commission of the crime itself, not additional or alternative penalties imposed based upon other facts or circumstances such as recidivism. This approach ensures that the selection of the applicable statute of limitations corresponds to the seriousness of the current offense, and that section 799 applies only to the most serious offenses

punishable by death or life in prison. (See also Cal. Law Revision Com. com., 50 West's Ann. Pen. Code (1984 ed.) foll. § 799, pp. 191–192 ["A crime punishable by death or life imprisonment . . . is a crime for which the maximum penalty that may be imposed is death or life imprisonment (with or without parole), disregarding enhancement of the penalty in the case of an habitual offender"].) Regardless of whether the punishment imposed under the Three Strikes law is deemed an enhancement or an alternate sentencing scheme, for the purpose of selecting the applicable statute of limitations, the relevant penalty is that prescribed by statute for commission of the offense itself, not penalties that may be imposed based upon other facts such as the defendant's recidivism.[5]

 In sum, the plain terms of sections 799 and 805 describe a limitation period that is based upon the maximum punishment for "the offense," meaning the current act or omission for which the defendant is to be prosecuted. The maximum punishment must be determined based upon the punishment prescribed for the commission of the offense itself, without regard to the alternate indeterminate life term that may be imposed under the Three Strikes law based on allegations that the defendant had suffered two or more prior felony convictions. The current act, or "*offense*," to which defendant asserted the bar of the statute of limitations was the crime of first degree robbery alleged in count 13. The maximum punishment for this "offense" is set forth in section 213, and the three-year period set forth in section 801 applied. In the absence of any evidence or contention that the prosecution commenced any earlier than the filing of the information in 2001, or that the statutory period was tolled,[6] the prosecution of the robbery committed in 1995 was commenced outside of the three-year period, and

---

[5] The Attorney General also relies upon *People v. Harris* (1882) 61 Cal. 136, a case interpreting former section 1070, and its provision of additional peremptory challenges when "the offense charged be punishable with death, or with imprisonment in the state prison for life." The defendant, who was charged with robbery and an allegation under former section 667 that he had a prior conviction, claimed he was entitled to the additional challenges. In a single-page opinion the court agreed, noting in part that under the sentencing scheme then in effect, a "*subsequent offense, robbery,* is punishable by imprisonment for life in the State Prison, at the discretion of the Court, under Section 213 of the Penal Code." (*People v. Harris, supra*, at p. 137.) The Attorney General reasons that this case illustrates that any punishment imposed upon habitual offenders should be considered as the punishment for the offense whenever a statute applies to an offense punishable by death or life in prison. We cannot make such a leap, especially because the comment to section 799 specifically notes that "habitual offender" enhancements are to be disregarded in determining whether the maximum penalty for a crime is life imprisonment. Instead, we find persuasive the much more recent decision of our Supreme Court in *Thomas, supra*, 21 Cal.4th 1122, which construes similar statutory language to that appearing in section 799 as applied to the same sentencing scheme involved in this case, i.e., the Three Strikes law.

[6] See footnote 4, *ante.*

defendant's motion to dismiss or vacate his conviction on count 13 should have been granted.

## II.–XIII.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### CONCLUSION

The judgment is affirmed, except for the conviction on count 13, which is reversed, and the matter is remanded for resentencing.

Marchiano, P. J., and Margulies, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 29, 2006, S140674.

---

*See footnote, *ante*, page 1591.