Filed 7/25/13  P. v. Dennis CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

STEVEN LESLIE DENNIS,

    Defendant and Appellant.

E055848

(Super.Ct.No. RIF135490)

OPINION

APPEAL from the Superior Court of Riverside County.  W. Charles Morgan, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed.

Daniel J. Kessler, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Ifeolu E. Hassan, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Steven Leslie Dennis appeals from his 2011 conviction for robbing a bank in 2007, and his 60-year third-strike prison sentence, arguing the People failed to prosecute him within the three-year statute of limitations. The People concede, and we agree. The judgment of conviction is reversed.

### FACTS AND PROCEDURE

On January 2, 2007, defendant robbed a Bank of America branch in Riverside. Defendant stood in line and approached a teller when his turn arrived. Defendant demanded cash, either orally or by presenting a note. The teller was overcome with fear and fell down. A supervisor went over to see what was wrong and gave defendant about $2700 in cash from the teller's drawer.

On April 6, 2007, the People filed a felony complaint charging defendant with second degree robbery (Pen. Code, § 211).[1] The People also alleged defendant had two prior "strike" convictions (§§ 667, subds. (c) & (e)(2)(A), and 1170.12, subd. (c)(2)(A)), two prior serious felony convictions (§ 667, subd. (a)) and three prison priors (§ 667.5, subd. (b)). Defendant was not arraigned on the complaint until April 29, 2011.

At the April 29, 2011, arraignment, defendant moved to represent himself.[2] The trial court granted the motion. Defendant pled not guilty and denied each of the prior conviction allegations.

---

[1] All section references are to the Penal Code unless otherwise indicated.

[2] This may well have contributed to the statute of limitations issue not being raised until this appeal.

2

The preliminary hearing was held on June 30, 2011, after which the trial court held defendant to answer.

On July 14, 2011, the People filed an information charging defendant with two counts of robbery on January 2, 2007, to include both the bank teller and her supervisor, and renewed the prior conviction allegations.

On December 5, 2011, a jury convicted defendant of both robbery counts. Defendant asked the trial court to appoint the Public Defender to represent him for his bench trial on the prior conviction allegations and for his "*Romero*"[3] motion. The court did so.

On January 13, 2012, defendant admitted the prior conviction allegations. On January 20, 2012, the trial court denied defendant's *Romero* motion and sentenced him to 60 years in prison as follows: 25 years to life for each of the two robberies, to be served consecutively, plus ten years for the two serious felony priors. The court dismissed the prison prior allegations. This appeal followed.

## DISCUSSION

Section 801 provides that "prosecution for an offense punishable by imprisonment in the state prison . . . shall be commenced within three years after the commission of the offense." However, section 800 provides for a six-year statute of limitations for crimes punishable by eight years or more in prison. Second degree robbery "is punishable by imprisonment in the state prison for two, three, or five years." (§ 213) Thus, the statute

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

of limitations for prosecuting defendant's second degree robberies is three years.  (See also *People v. Turner* (2005) 134 Cal.App.4th 1591, 1600 [The maximum punishment for statute of limitations purposes is based on the punishment for the commission of the offense itself, without regard to the Three Strikes law.].)

The People were required to commence prosecution of defendant for the January 2, 2007, robberies no later than January 2, 2010.  As pertinent here, a prosecution is "commenced" when an information is filed (§ 804, subd. (a)), or when the defendant is arraigned on a felony complaint (*id.*, subd. (c)) or when an arrest warrant is issued which names or describes the defendant with the same degree of particularity required of an indictment, information, or complaint (*id.*, subd. (d)).  In contrast, the filing of a felony complaint does not commence prosecution of the charges stated in the complaint. (*People v. Terry* (2005) 127 Cal.App.4th 750, 764 (*Terry*).)

Here, the People filed the felony complaint within the three year limitation, but under *Terry* that did not "commence" the prosecution.  The People did not arraign defendant on the felony complaint until April 29, 2011, more than four years after the offense, and similarly did not file the information until July 14, 2011.  Thus, the People did not commence prosecution within the three-year statute of limitations.

Defendant may raise this argument for the first time on appeal because the charging document (here, the information) indicates on its face that the action is time-barred.  (*People v. Williams* (1999) 21 Cal.4th 335, 340-341.)

4

Finally, the People inform this court that the "trial file similarly [to the record on appeal] does not contain evidence supporting tolling of the statue of limitations," and thus remand for litigation on tolling issues is not necessary.

**DISPOSITION**

The judgment of conviction is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.