Filed 1/10/14  P. v. Fararji CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SHADI NASSER FARARJI,<br><br>    Defendant and Appellant. | G047185<br><br>(Super. Ct. No. 09NF1662)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Richard F. Toohey, Judge.  Affirmed.

        Benjamin P. Wasserman for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne McGinnis and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Shadi Nasser Fararji appeals from a judgment after he pleaded guilty to kidnapping to commit a sex offense while personally using a deadly weapon and forcible rape. He argues his federal and state constitutional rights to due process were violated by the six-year delay in the prosecution of the case. We disagree and affirm the judgment.

FACTS

A detailed recitation of the facts is unnecessary for resolution of the issues before us. Suffice it to say, Fararji, who was armed with a knife, kidnapped Jane Doe and forcibly raped her on May 3, 1998.

Over 11 years later, on June 15, 2009, a prosecutor filed a felony complaint charging Fararji with two offenses and a few enhancements arising from that conduct. On August 19, 2010, an amended felony complaint charged Fararji with the same offenses and added more enhancements.

The same conduct was the basis of an information filed on November 12, 2010. The information charged Fararji with kidnapping to commit a sex offense (Pen. Code, § 209, subd. (b)(1))[1] (count 1), and forcible rape (§ 261, subd. (a)(2)) (count 2). As to count 2, the information alleged the following: (1) Fararji kidnapped Jane Doe and the movement of the victim substantially increased the risk of harm to her above the level of risk of harm necessarily inherent in the offense (§ 667.61, subds. (a), (d)(2));[2] (2) Fararji kidnapped Jane Doe and personally used a dangerous and deadly weapon (§ 667.61, subds. (a), (e)); (3) Fararji personally used a dangerous and deadly

_____

[1]       All further statutory references are to the Penal Code.

[2]       We refer to section 667.61 and its applicable subdivisions as of the time the information was filed. It has been amended twice since the filing of the action here.

2

weapon (§ 667.61, subds. (b), (e)(4)); and (4) Fararji used a deadly weapon during the commission of the sex offense (§ 12022.3, subd. (a)). With respect to count 1, the information alleged Fararji personally used a knife during the commission and attempted commission of the sex offense (§ 12022, subd. (b)(1)).

On January 31, 2011, Fararji filed a motion to dismiss pursuant to section 1004, subdivision (5), or alternatively because his due process rights were violated. Fararji asserted the prosecution of the offenses was time barred by the applicable statute of limitations. He also argued his due process rights were violated because of the pre-accusation delay. Fararji claimed he was prejudiced because his defense evidence "ha[d] grown stale[]" and he could not "mount a meaningful defense." He explained his memory of the incident had diminished and because he was incarcerated he had lost contact with people who could provide him with an alibi defense.[3] The prosecutor opposed the motion. In his reply, Fararji claimed prejudice was presumed under the facts of this case. The trial court denied the motion without prejudice. The court reasoned that because all the offenses were punishable by life in prison, there were no statute of limitations violations. The court stated prejudice was not presumed, and Fararji had not established he was prejudiced.

On October 11, 2011, Fararji filed a motion to dismiss for a violation of his due process rights. Fararji repeated he was prejudiced because the evidence was stale, he could not remember the incident, and he had lost contact with potential alibi witnesses. He added any physical evidence was lost or destroyed. Finally, he claimed the lapse of time would prevent a thorough investigation of the victim's significant inconsistent

---

[3]     As we explain below, we reject Fararji's contention pre-accusation delay violated his federal and state due process rights because his claim is not cognizable on appeal and he did not establish he was prejudiced. Thus, we need not discuss the facts explaining how law enforcement came to suspect Fararji of the crime in 2003 after DNA testing, and which culminated in his arrest in 2009, after the victim identified Fararji from a photographic lineup and further DNA testing.

statements. Fararji submitted a declaration supporting his motion. The prosecutor opposed the motion. The trial court denied the motion without prejudice, again concluding Fararji had not established he was prejudiced by the pre-accusation delay.

On May 29, 2012, Fararji pleaded guilty to counts 1 and 2, and admitted he personally used a knife during the commission of count 1; the prosecutor dismissed the other enhancements. The factual basis for his plea was as follows: "[On May 3, 1998], I did unlawfully kidnap and carry away Jane Doe with the specific intent to commit rape. I also unlawfully committed an act of sexual intercourse with Jane Doe, who was not my spouse, against her will, by means of force and fear of immediate bodily injury to her. I did so while personally using a knife in the commission of the rape."

After Fararji waived statutory time for sentencing and the right to a probation report, the trial court sentenced Fararji to 11 years to life as follows: seven years to life on count 1, a consecutive one-year term on the personal use of a weapon enhancement, and a consecutive three-year term on count 2. The court awarded Fararji 1,084 days of actual time served. Fararji filed a notice of appeal and requested a certificate of probable cause. The trial court granted Fararji's request for a certificate of probable cause.

DISCUSSION

I. Pre-Accusation Delay

Fararji argues the six-year pre-accusation delay violated his federal and state due process rights. The Attorney General responds Fararji's due process claims are not cognizable on appeal because he pleaded guilty, and alternatively, they are meritless because he did not demonstrate actual prejudice. Fararji did not file a reply brief. We agree with the Attorney General.

"[T]he cases are virtually uniform in holding that a claim of speedy trial violation—whether statutory or constitutional—does not survive a guilty plea. [Citations.]" (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1357; *People v. Egbert*

4

(1997) 59 Cal.App.4th 503, 512.)  The same rule applies to due process claims based on a delay in prosecution.  (*People v. Hayton* (1979) 95 Cal.App.3d 413, 419 [when defendant pleads guilty no facts to be assessed because defendant admits every element of charged offense].)  "Obtaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty.  [Citation.]"  (*People v. Kaanehe* (1977) 19 Cal.3d 1, 9.)  Thus, Fararji's claim the trial court erred by denying his motions to dismiss is not reviewable here because it did not survive his guilty plea.

In any event, Fararji did not establish he was prejudiced by the pre-accusation delay.  A defendant claiming his due process rights were violated by pre-accusation delay must establish prejudice as it is not presumed.  (*People v. Abel* (2012) 53 Cal.4th 891, 908-909 (*Abel*).)  A defendant must establish "the loss of a material witness or other missing evidence, or fading memory caused by the lapse of time[]" resulted in prejudice.  (*Id*. at p. 908.)  A claim of prejudice may not be overstated, speculative, or meritless.  (*People v. Nelson* (2008) 43 Cal.4th 1242, 1251.)  If a defendant fails to establish prejudice, we need not determine whether the delay in charging the defendant was justified.  (*Abel, supra,* 53 Cal.4th at p. 909.)

Here, the trial court properly ruled Fararji failed to establish he was prejudiced by the pre-accusation delay.  On appeal, Fararji asserts the same grounds of prejudice (his failed memory, his state of mind, his inability to locate witnesses, and his inability to mount a defense), as he did below at trial.  Although it is true that as time passes it is inevitable that memories fade, Fararji's claim is entirely speculative. (See *People v. Cowan* (2010) 50 Cal.4th 401, 432 [claim defendant would have been able to construct alibi defense had case been prosecuted sooner speculative].)  He does not identify the potential alibi witnesses or specify what physical evidence has been lost or destroyed.  Thus, his claim is meritless.

Fararji cites to *People v. Boysen* (2007) 165 Cal.App.4th 761 (*Boysen*), for the general principles of law that control a claim of pre-accusation delay.  But *Boysen* is

5

also instructive on the requisite showing necessary to establish prejudice; a showing Fararji falls short of making.

In *Boysen*, the court affirmed the trial court's granting of a motion to dismiss on the basis of a due process violation because there had been a 24-year pre-accusation delay in prosecuting a murder. (*Boysen, supra,* 165 Cal.App.4th at pp. 777-781.) The court of appeal concluded defendant had established substantial prejudice from the pre-accusation delay. (*Id.* at p. 778.) The *Boysen* court explained three specific witnesses who would have testified on disputed issues were deceased. (*Id.* at pp. 778-779.) The court of appeal added the passage of time affected the defendant's ability to explore the possible involvement of important third party culpability evidence concerning one individual in particular. (*Id.* at p. 779.) Finally, the *Boysen* court reasoned the police failed to fully investigate the offenses and preserve the physical evidence. (*Id.* at p. 780.)

As we explain above, Fararji does not provide the same level of specificity as the defendant in *Boysen*. Again, Fararji does not specify which witnesses would have provided him with an alibi defense, or specify what physical evidence has been lost or destroyed. Therefore, Fararji's claim the six-year pre-accusation delay prejudiced him is overstated, speculative, and meritless.

## II. *Statute of Limitations-Count 2*

Without citing to any case authority, Fararji contends count 2 was time barred by section 803, subdivision (g)(1)(A). Not so.

Section 803, subdivision (g)(1), provides, in pertinent part: "Notwithstanding any other limitation of time described in this chapter, a criminal complaint may be filed within one year of the date on which the identity of the suspect is conclusively established by DNA testing, if both of the following conditions are met: [¶] (A) The crime is one that is described in subdivision (c) of [s]ection 290. [¶] (B) The offense was committed prior to January 1, 2001, and biological evidence collected in

6

connection with the offense is analyzed for DNA type no later than January 1, 2004 . . . ." Section 799 states, "Prosecution for an offense punishable by death or by imprisonment in the state prison for life or for life without the possibility of parole, or for the embezzlement of public money, may be commenced at any time."

The maximum punishment for a violation of section 261, subdivision (a)(2), forcible rape, is eight years in prison. However, an offender who suffers a conviction "in the present case" (§ 667.61, subd. (e)(4)), rape, in violation of section 261, subdivision (a)(2), while kidnapping the victim and personally using a dangerous or deadly weapon (§ 667.61, subds. (c)(1), (d)(2) & (e)(3)), is subject to a sentence of life in prison (§ 667.61, subds. (a), (b)).

*People v. Perez* (2010) 182 Cal.App.4th 231 (*Perez*), is instructive. In that case, the issue was whether an allegation under the One Strike provision (§ 667.61) rendered a charge of forcible child molesting (§ 288, subd. (b)(1)) subject to section 799 (prosecution may be commenced at any time) or to section 800 (prosecution must be commenced within six years). (*Perez, supra,* 182 Cal.App.4th at pp. 236-237.) The jury had convicted defendant of molesting three victims. (*Id.* at p. 234.) The court of appeal explained that under section 677.61, subdivisions (b), (c)(4), and (e)(5), a defendant convicted of having molested more than one child is subject to a life sentence. (*Perez, supra,* 182 Cal.App.4th at pp. 236-237.) The *Perez* court relied on two then recent California Supreme Court cases, *People v. Jones* (2009) 47 Cal.4th 566, and *People v. Brookfield* (2009) 47 Cal.4th 583, to hold the applicable limitations period was section 799, reasoning those cases had made "clear that determining whether an offense is punishable by life imprisonment must take into account an alternative sentencing scheme that applies to the offense based on other criminal conduct that the trier of fact has found to have occurred." (*Perez, supra,* 182 Cal.App.4th at p. 237.)

The *Perez* court concluded the life term mandated by the One Strike provision (§ 667.61) "is an alternate penalty scheme that, when charged, defines the length of imprisonment for the substantive offense of violating section 288, subdivision (b)(1) [forcible child molesting]. Thus, the unlimited time frame for prosecution set out in section 799 for an offense 'punishable by death or by imprisonment in the state prison for life . . .' applies . . . ." (*Perez, supra,* 182 Cal.App.4th at pp. 239-240; *Anthony v. Superior Court* (2012) 188 Cal.App.4th 700, 720 (*Anthony*) [prosecution for attempted murder under section 664 did not violate statute of limitations because defendant's increased sentence offense based and prosecution was permissibly brought "'at any time'" under section 799].) Finally, the *Perez* court distinguished *People v. Turner* (2005) 134 Cal.App.4th 1591, which "should be narrowly construed to apply only to the antirecidivist Three Strikes law, and not to the One Strike law, which punishes, as relevant here, not recidivism but the commission of sexual offenses against more than one victim." (*Perez, supra,* 182 Cal.App.4th at p. 241; *Anthony, supra,* 188 Cal.App.4th at p. 717 [*Turner* must be limited to its particular facts because it "was entirely focused on the nexus between the statute of limitations scheme and the Three Strikes law"].)

Here, the information alleged Fararji was subject to the One Strike provision of section 667.61. The information alleged Fararji committed rape, in violation of section 261, subdivision (a)(2), while kidnapping the victim and personally using a dangerous or deadly weapon (§ 667.61, subds. (c)(1), (d)(2) & (e)(4)). Thus, Fararji was subject to be sentenced to life in prison on count 2 (§ 667.61, subds. (a) & (b)), and count 2 could be prosecuted at any time. Fararji cites to no case authority interpreting section 667.61 that concludes otherwise.

### III. Actual Credits

Fararji argues he is entitled to an additional six years of actual credit because of the time spent in prison on an unrelated conviction while the prosecutor

delayed prosecuting him for the offenses here, from the time DNA testing identified him as a suspect on March 13, 2003, to the time the prosecutor filed the complaint June 15, 2009. We disagree.

"Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." (*In re Rojas* (1979) 23 Cal.3d 152, 156.) In other words, credit does not accrue unless the conduct underlying a conviction forms the sole basis for custody. (See, e.g., *People v. Bruner* (1995) 9 Cal.4th 1178, 1195 [defendant's burden to show "he could have been free during . . . his presentence custody but for the same conduct that led to the instant conviction and sentence"].)

Here, Fararji's incarceration was the result of an unrelated conviction he committed a few months after the offenses charged here. He is not entitled to additional actual credit because his incarceration was the result of conduct unrelated to this case. In other words, Fararji would not have been free from custody but for the offenses alleged here. Thus, Fararji is not entitled to an additional six years of actual credit.

DISPOSITION

The judgment is affirmed.

O'LEARY, P. J.

WE CONCUR:

ARONSON, J.

FYBEL, J.

9