Filed 9/1/21  P. v. Hartman CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074000 |
| v. | (Super.Ct.No. RIF1803429) |
| LARRY LEE HARTMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Barry A. Taylor, Judge.  Affirmed with directions.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

In 2018, Larry Lee Hartman was charged with having committed forcible rape in 1996.  (Pen. Code, § 261, subd. (a)(2); unlabeled statutory citations are to this code.)  The

1

information also alleged that Hartman fell under two provisions of the One Strike law (§ 667.61) because the offense allegedly was committed during a burglary and when Hartman entered an inhabited dwelling with intent to commit forcible rape. (§ 667.61, subds. (d)(4), (e)(2).)

A jury convicted Hartman of forcible rape and found true the allegation that the rape was committed during the commission of a burglary. Hartman was sentenced to 15 years to life in state prison.

On appeal, Hartman argues that the rape charge was time-barred. In the alternative, he argues that certain fines and fees should be vacated and the case remanded because the trial court allegedly failed to consider his ability to pay. We correct an error in the abstract of judgment but otherwise affirm.

DISCUSSION

A. *Statute of Limitations*

Hartman argues that prosecution for the forcible rape count was time-barred because he was charged 12 years after the offense and the statute of limitations for a forcible rape charge is six years. He argues that for purposes of determining the applicable limitations period, the plain language of sections 799 and 805 precludes consideration of the maximum punishment prescribed for the One Strike law allegation. The People counter that we should follow *People v. Perez* (2010) 182 Cal.App.4th 231 (*Perez*), which held that for purposes of determining the statute of limitations, the maximum sentence for the offense is the sentence provided by the One Strike law. In *Perez*, the court held that the life sentence under the One Strike law resulting from a

2

multiple victim finding was the proper basis for determining the applicable limitations period. (*Perez, supra*, at pp. 239-240.) As a result, prosecution for the offense could "'be commenced at any time.'" (*Id* at pp. 237, 239) We agree with the reasoning and analysis of *Perez*, which applies with equal force to the One Strike law allegation found true as to Hartman.[1]

For purposes of determining the applicable statute of limitations for an offense, section 805 provides that "[a]n offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed. Any enhancement of punishment prescribed by statute shall be disregarded in determining the maximum punishment prescribed by statute for an offense." (§ 805, subd. (a).) The maximum punishment for a violation of section 261, subdivision (a)(2) (forcible rape), is a prison term of eight years. (§ 264, subd. (a).) An offense punishable by eight years or more shall be commenced no more than six years after the commission of the offense unless otherwise specified in section 799. (§ 800.) Section 799 provides that for "an offense punishable by death or by imprisonment in the state prison for life or for life without the possibility of parole," prosecution "may be commenced at any time."[2] (§ 799, subd. (a).) Under the One Strike law, forcible rape

---

[1]      Hartman did not forfeit the issue by failing to raise it in the trial court, because a criminal defendant may raise the statute of limitations for the first time on appeal. (*People v. Williams* (1999) 21 Cal.4th 335, 340-341.)

[2]      Subdivision (b) of section 799 now provides that prosecution for forcible rape and other enumerated offenses committed on or after January 1, 2017, "may be commenced at any time." (§ 799, subd. (b)(1), (2).)

3

committed during the commission of a burglary is subject to a mandatory sentence of 15 years to life in prison.  (§ 667.61, subds. (b), (d)(4), (e)(2).)  This court has recognized that the One Strike law is an alternate sentencing scheme "and not a true 'enhancement.'" (*People v. Jones* (1997) 58 Cal.App.4th 693, 709 & fn. 9; *People v. Lopez* (2004) 119 Cal.App.4th 355, 360.)

We independently review which statute of limitations applies on undisputed facts.  (*People v. Brown* (2018) 23 Cal.App.5th 765, 772.)  We also independently review questions of statutory interpretation.  (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 918.)  When interpreting a statute to determine the Legislature's intent, we look first to the language of the statute.  (*Ibid.*)  When the statute's language is unambiguous, the plain language controls.  (*Ibid.*)

Hartman argues that under section 805 the punishment required by the true finding on the One Strike law allegation is not relevant to determining the limitations period because section 805 states that the maximum punishment for determining the limitations period is that prescribed by "statute for the offense" (§ 805, subd. (a)), which he argues means the forcible rape offense without consideration of the One Strike law allegation. We are not persuaded.

*Perez* is directly on point.  There, a jury convicted the defendant of multiple counts of committing lewd and lascivious conduct under section 288 against different victims and found true multiple victim allegations under the One Strike law as to each count.  (*Perez*, *supra*, 182 Cal.App.4th at p. 234.)  The defendant argued on appeal that the limitations period was governed by the maximum sentence for the offenses without

4

consideration of the punishment under the One Strike law. (*Perez*, at p. 236.) Relying on *People v. Jones* (2009) 47 Cal.4th 566 (*Jones*) and *People v. Brookfield* (2009) 47 Cal.4th 583 (*Brookfield*), *Perez* rejected the defendant's argument. (*Perez*, at pp. 237-239.) *Perez* summarized: The cases "make clear that determining whether an offense is punishable by life imprisonment must take into account an alternative sentencing scheme that applies to the offense based on other criminal conduct that the trier of fact has found to have occurred." (*Id.* at p. 237.)

*Jones* and *Brookfield* both involved the interplay between "section 186.22, which targets participants in criminal street gangs; and section 12022.53, also known as 'the 10–20–life law.'" (*Brookfield*, *supra*, 47 Cal.4th at p. 588.) *Jones* considered whether the punishment of life imprisonment prescribed when an offense is found to be committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(4)) rendered the offense a "'felony punishable by death or imprisonment in the state prison for life'" under section 12022.53, subdivision (a)(17), thus triggering application of the 20-year enhancement for personal use of a firearm. (*Jones*, *supra*, 47 Cal.4th at p. 569, italics omitted.) *Jones* answered the question in the affirmative. (*Ibid.*) In reaching that conclusion, *Jones* reasoned that the sentencing provision at issue "'sets forth an alternate penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute.'" (*Id.* at p. 576, italics omitted.) In other words, the sentencing provision "sets forth the penalty for the underlying felony under specified conditions." (*Id.* at p. 578, italics omitted.) By contrast, a sentencing enhancement

provides for a term of imprisonment imposed in addition to the sentence imposed for the underlying offense. (*Ibid.*; *Brookfield*, at p. 591.)

*Brookfield* further explained that when a crime is found to have been committed to benefit a criminal street gang, the consequent life term does not "constitute a sentence enhancement, because it is not imposed in addition to the sentence for the underlying crime (here, shooting at an inhabited dwelling); rather, it is an alternate penalty for that offense. Because the felony that [the] defendant committed (shooting at an inhabited dwelling) was punishable by a life term under section 186.22[, subdivision] (b)(4) (because it was committed to benefit a criminal street gang), he committed a 'felony punishable by . . . imprisonment in the state prison for life' within the meaning of subdivision (a)(17) of section 12022.53." (*Brookfield*, *supra*, 47 Cal.4th at p. 591, italics omitted; *Perez*, *supra*, 182 Cal.App.4th at p. 239.)

On the basis of that reasoning, *Perez* concluded: "Section 667.61 is an alternate penalty scheme that, when charged, defines the length of imprisonment for the substantive offense of violating section 288, subdivision (b)(1). Thus, the unlimited timeframe for prosecution set out in section 799 for an offense 'punishable by death or by imprisonment in the state prison for life . . .' applies," given the life sentence required by the One Strike law because of the true findings on the multiple victim allegations.[3] (*Perez*, *supra*, 182 Cal.App.4th at pp. 239-240.)

---

[3]     Hartman argues that *Perez*, *supra*, 182 Cal.App.4th 231, erred by relying on *Jones*, *supra*, 47 Cal.4th 566, and *Brookfield*, *supra*, 47 Cal.4th 583, because neither case involved statute of limitations issues or the One Strike law. Hartman does not explain

*[footnote continued on next page]*

6

Like the defendant in *Perez*, Hartman argues that we should follow *People v. Turner* (2005) 134 Cal.App.4th 1591 (*Turner*). (See *Perez*, *supra*, 182 Cal.App.4th at p. 240 [discussing *Turner*].) *Turner* concluded that the mandatory life sentence for a third strike conviction could not be considered in determining the limitations period. (*Turner*, *supra*, at pp. 1597-1598.) Looking to sections 799 and 805, *Turner* interpreted the "offense" referred to in those statutes to mean "the current felony for which the defendant is to be, or is being, prosecuted, not the facts of prior convictions, because the prior convictions are based on records of prosecutions that have already been brought." (*Turner*, at p. 1597.) Because punishment under Three Strikes law "is an alternative punishment that is imposed based upon the fact of the defendant's recidivism, and it is imposed upon conviction of 'a felony,'" *Turner* concluded that the open-ended limitations period of section 799 did not apply. (*Turner*, at p. 1597, italics omitted.)

*Perez* rejected the defendant's argument that the reasoning in *Turner* applied to allegations under the One Strike law. (*Perez*, *supra*, 182 Cal.App.4th at pp. 240-242.) *Perez* explained that *Turner*'s reasoning was inapposite because One Strike law allegations concern the characteristics of the charged offense, not the characteristics of the defendant (e.g., that the defendant is a recidivist). (*Perez*, at p. 241.) Thus, the One

---

why those distinctions matter or how they undermine the reasoning of *Perez*. We conclude that they do not. The Supreme Court explained the distinction between sentence enhancements and alternate penalties in general, and we see no basis to limit application of that distinction to the specific sentencing provision at issue in those cases.

Strike law sentence is the "punishment prescribed by statute for the offense." (§ 805, subd. (a); *Perez*, at pp. 241-242.)

Similarly, the One Strike law allegation found true here did not concern past, unrelated criminal conduct by Hartman. Instead, it concerned the characteristics of the charged offense—Hartman committed forcible rape during the commission of a burglary. Thus, the maximum "punishment prescribed by statute for the offense" (§ 805, subd. (a)) was 15 years to life in state prison (§ 667.61, subd. (b)). We consequently conclude that the open-ended limitations period of section 799 was properly applied and Hartman's prosecution was not time-barred.[4]

B. *Ability to Pay Hearing*

Hartman was sentenced in September 2019. The court imposed a $10,000 restitution fine (§ 1202.4, subd. (b)), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities fee (Gov. Code, § 70373, subd. (a)(1)). With respect to the restitution fine, the court acknowledged that it could impose a minimum fine of $300 and recognized that the probation department recommended $4,500. In imposing the maximum fine allowed by statute, the court stated: "Under the circumstances of this case, the Court makes a finding of $10,000 restitution fine payment, but [whether] the State is able [to] collect any part [of] that [is] problematic, I suspect." Defense counsel did not object. The trial court did not discuss on the record the court operations and

---

[4]     Because we conclude that under the plain language of sections 799 and 805 the rape prosecution was not time-barred, we need not and do not address Hartman's arguments concerning the legislative history of certain recent amendments of section 799.

facilities fees, but both fees were included in the sentencing minute order and the abstract of judgment.

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, which was decided before Hartman was sentenced, Hartman argues that the fine and fees should be vacated and the case remanded because the trial court allegedly failed to consider his ability to pay. With respect to the restitution fine, the record demonstrates otherwise. The trial court expressly acknowledged that Hartman probably would not have the ability to pay the $10,000 restitution fine, commenting that it would likely be difficult for the state to collect any amount of the fine from Hartman. But the statute provides that ability to pay is only one factor among several to consider when imposing a restitution fine above the minimum (§ 1202.4, subd. (d)), and here the trial court imposed the maximum fine because it thought the circumstances warranted the maximum amount. We therefore reject Hartman's argument that the trial court failed to consider his ability to pay the restitution fine.

The record does not contain any affirmative indication that the trial court also considered Hartman's ability to pay in connection with the court operations and facilities fees. Defense counsel did not object, which Hartman argues amounted to ineffective assistance. Assuming for the sake of argument that counsel's performance fell below an objective standard of reasonableness, Hartman cannot carry his burden of demonstrating that "counsel's deficient performance was prejudicial, that is, there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Sepulveda* (2020) 47 Cal.App.5th 291, 301; *Strickland v.*

9

*Washington* (1984) 466 U.S. 668, 687-692.)  Given the trial court's imposition of the maximum $10,000 restitution fine despite the court's expectation that Hartman would not be able to pay it, it is not reasonably probable that the trial court would have declined to impose the additional $70 in fees had counsel objected that Hartman did not have the ability to pay those fees either.

C.  *Abstract of Judgment*

The abstract of judgment does not include the true finding under section 667.61, subdivision (e)(2), so on our own motion we direct the trial court to correct the abstract of judgment accordingly.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

DISPOSITION

The trial court is directed to amend the abstract of judgment to include the true finding on the allegation that the offense was committed during the commission of a burglary under section 667.61, subdivision (e)(2).  The trial court shall forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ_____
J.


We concur:

MILLER_____
            Acting P. J.
RAPHAEL_____
            J.

10